■ BETTY HOLMES, as Administratrix of the Estate of THOMAS F. HOLMES, Deceased, Respondent, v SAL J. DEVINCENZO et al., Appellants, et al., Defendant.—In an action to recover damages for medical malpractice, etc., Sal J. DeVincenzo, Donald M. Pearlman, Scott R. Chudow and Augusto Rosas appeal from an order of the Supreme Court, Orange County (Owen, J.), dated May 16, 1988, which granted the plaintiff's motion for a protective order and denied their demand for authorizations to obtain Family Court records.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff commenced this action alleging that the defendants committed medical malpractice and seeking damages, *inter alia,* for the wrongful death of her deceased husband and loss of consortium. At an examination before trial the plaintiff mentioned that she and her husband were involved in Family Court proceedings in the late 1960s. The defendants sought to discover documents relating to the Family Court proceedings. The plaintiff moved for a protective order against the defendants' demand for authorization to discover these documents. The Supreme Court granted the plaintiff's motion. We affirm.

Even though the records of a Family Court proceeding are not open to indiscriminate public inspection, the court in its discretion may permit the inspection of any papers or records *(see, Gray v State of New York,* 130 Misc 2d 65; Family Ct Act § 166), and the plaintiff may waive any privilege over matters protected by the Family Court Act by placing those matters into civil litigation *(Freeman v Corbin Ave. Bus Co.,* 60 AD2d 824).

The appellants contend that the plaintiff, by seeking damages for loss of consortium, companionship and services, has placed in issue her marital relationship, and the records that the appellants have requested bear on the issue of these damages. Since the records and documents the appellants seek to discover refer to a proceeding that occurred over 15 years before this action was commenced, we find that such discovery request is unreasonable in time and irrelevant to the plaintiff's marital relationship at the time her husband died *(see, Lapidus v Hiltzik,* 160 AD2d 682; *Matos v City of New York,* 78 AD2d 834; *Weis v Coe,* 40 NYS2d 222). Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.