[599 NYS2d 721]

PATRICK QUILLEN, Individually and as Parent and Natural Guardian of MICHAEL GILLY, an Infant, Respondent, v STATE OF NEW YORK, Appellant.

Third Department, July 1, 1993

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General,* Albany *(Frank K. Walsh* and *Wayne L. Benjamin* of counsel), for appellant.

*Smyk, Smyk & Fahrenz,* Binghamton *(Joseph F. Cawley* of counsel), for respondent.

## OPINION OF THE COURT

CREW III, J.

Claimant brought this action seeking money damages for injuries allegedly sustained by his infant son on May 9, 1990 as the result of an assault and battery committed by Armando Paolucci, Jr., an employee of the State, at the Division for Youth Urban Home in the City of Binghamton, Broome County. By order to show cause, claimant sought an order directing the State to produce, for the purpose of giving testimony at the trial of this action, Wayne M. and Bruce L. with the further request that, if said individuals were no longer in the custody of the Division, an order directing the Division to disclose the last known whereabouts and/or mailing addresses of said individuals. Annexed to the order to show cause were statements of the aforesaid persons. The statement of Wayne M. disclosed that while he did not see the confrontation between claimant's infant and Paolucci, he was in an adjoining room and could hear the exchange between the two. Bruce L.'s statement indicated that he saw the infant sitting on his bed and swearing, at which time Paolucci grabbed the infant by the front of his shirt and picked him up. Paolucci then shut the door, preventing Bruce L. from making any further observations concerning the confrontation. However, he stated that he could hear the infant begging Paolucci to get off him because his arm hurt.

Counsel for the State submitted a sworn affidavit in opposition to the motion in which he asserted that the information sought by claimant was confidential *(see,* Social Services Law § 372 [4]; 9 NYCRR 168.7) and, accordingly, production of the witnesses and disclosure of their last known addresses should

be directed only upon a showing that the requested information was relevant and material, and then only upon appropriate notice and a hearing. Counsel further asserted that the information sought was not relevant or material. Claimant's counsel asserted that the information was clearly relevant to the issue of whether physical restraint was necessary and whether the force used was excessive or unreasonable. The Court of Claims found that the information possessed by Wayne M. and Bruce L. was indeed relevant to the prosecution of the claim, but determined that Social Services Law § 372 (4) was not applicable and granted claimant's motion.

Initially, we agree with the Court of Claims that the information possessed by Wayne M. and Bruce L. is indeed relevant to the prosecution of the claim asserted. Turning then to the State's remaining contentions, Social Services Law § 372 (4) provides in relevant part that all records kept by the Division relating to children, such as Wayne M. and Bruce L., "shall be deemed confidential and shall be safeguarded from coming to the knowledge of * * * any person other than one authorized * * * by a judge of the court of claims when such records are required for the trial of a claim * * * in such court * * * after * * * notice to all interested persons and a hearing". Research has revealed no case law which has definitively defined to whom notice should be directed or the nature of the hearing required. However, it seems clear that notice must be given, at the very least, to the agency involved and to the Commissioner of Social Services (see, Carrieri, Practice Commentaries, McKinney's Cons Laws of NY, Book 52A, Social Services Law § 372, at 418) and, we believe, to the individuals, if they have attained majority, or to their guardians or parents. No such notice was directed to be given by the Court of Claims and the State contends that there must be a reversal for that reason. The State further contends that the Court of Claims was required to conduct a hearing, which it failed to do, and that reversal is required for that reason also.

The Court of Claims' conclusion that the information requested is not the kind sought to be protected by Social Services Law § 372 is incorrect. To the extent that the Division maintains *records* of the prospective witnesses' last known addresses, such records would be encompassed within the provisions of Social Services Law § 372 (1) (e) and (h) and, as such, would be confidential pursuant to the provisions of Social Services Law § 372 (4). Accordingly, the Division, the Commissioner, the prospective witnesses, if of majority, or

their guardians or parents are entitled to notice and an opportunity to be heard as to whether there exists any cogent reason why revelation of the whereabouts or last known addresses of Wayne M. and Bruce L. should not be disclosed. Assuming such a reason is advanced, the Court of Claims would have to weigh the need for confidentiality against the need for the evidence sought by claimant. Therefore, the matter must be remitted to the Court of Claims in order that the interested parties be notified and given an opportunity to be heard.

Inasmuch as the matter must be remitted to the Court of Claims, it seems appropriate to comment on the nature of the hearing envisioned by Social Services Law § 372 (4). A reading of the State's brief suggests that the statute contemplates an evidentiary hearing. While an evidentiary hearing might be called for in some instances, we would contemplate such a need to be rare indeed (cf., People v Sandoval, 34 NY2d 371, 375). Ordinarily, one would contemplate that the requested records be turned over to the court for an in camera review to determine the relevancy of the information sought to the issues to be decided, with the interested parties being provided the opportunity to be heard in that regard. Further, if relevancy is established, the interested parties should be provided the further opportunity to establish that the need for confidentiality overrides the need for the otherwise relevant evidence. Having already determined that the information possessed by the prospective witnesses is relevant and material to the issues to be decided by the Court of Claims, the interested parties are entitled to notice and the opportunity to be heard as to why the last known whereabouts or addresses of Wayne M. and Bruce L. should not be disclosed.

MIKOLL, J. P., YESAWICH JR., MERCURE and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and matter remitted to the Court of Claims for further proceedings not inconsistent with this Court's decision.