OPINION OF THE COURT
John J. Ark, J.
*305 On December 9, 1995, as Mark and Lisa Mastín escaped with relatively minor injuries, their three children died in a fire at the family home. Mark Mastín was subsequently found guilty of murder, manslaughter and arson in connection with the children’s deaths. In the course of the criminal proceedings against Mark Mastín, the Mastín family child protective case records maintained by the Ontario County Department of Social Services were made available per court order to, and were publicly referenced by, both the prosecution and defense. On June 10, 1996, as required by Social Services Law § 20 (5), the New York State Department of Social Services released a child fatality report relating to the Mastín children.
Petitioners brought this CPLR article 78 proceeding pursuant to the Freedom of Information Law (Public Officers Law § 84 et seq.) (FOIL) and Social Services Law § 422-a, seeking access to all Ontario County Department of Social Services records relating to the Mastín family. In response to petitioners’ FOIL request, respondents provided only the previously released child fatality report, contending that release of any information was discretionary with the Ontario County Commissioner of Social Services (hereinafter the Commissioner) and, regardless, the report contained all the information available to petitioners under Social Services Law § 422-a (2).
The court agrees that Social Services Law § 422-a, as an exception to FOIL, necessarily grants discretion ("may”) to the Commissioner whether to disclose limited information after satisfaction of certain preconditions. The Commissioner properly acknowledged that the preconditions were met and that an analysis of the "best interests” of the children was nullified by their deaths. However, once it was determined that information could be released, the court had no basis to ascertain the extent to which the child fatality report released information allowed by Social Services Law § 422-a (2) (a)-(f).
Pursuant to Social Services Law § 422-a (2) (g), upon a determination that "such disclosure is consistent with the public interest”, a second, and broader, discretion to disclose "any extraordinary or pertinent information concerning the circumstances of the [cases] and the investigation thereof’ may be exercised by the Commissioner. Although the Commissioner determined that disclosure of information was in the public interest, he only disclosed information which was already required to be released, i.e., the child fatality report, and refused to release other information already in the public domain per the criminal proceedings. The Commissioner did *306 not articulate any "particularized, and specific justification” either for not disclosing the requested documents or for not exercising his discretion in favor of extraordinary disclosure (Matter of Fink v Lefkowitz, 47 NY2d 567).
Since: (1) the Commissioner has determined that disclosure is in the public interest; (2) no specific reasons were cited such discretion was not exercised in favor of further disclosure; (3) much of the information has already been released through the criminal proceedings; and (4) tragically there are no surviving children whose best interests are to be considered, the horrific facts of this case may compel further public disclosure consistent with the intent of "Elisa’s Law” (L 1996, ch 12; Elisa’s Law Child Protective Services Reform Act of 1996) "to balance the need for increased accountability through public knowledge and governmental oversight with the privacy interests of the persons involved in child protective services cases” (Governor’s Program Mem, L 1996, ch 12).
However, due to the sensitive nature of matters to be protected by the Social Services Law, the court is hesitant to establish a precedent of unlimited information release. In order to reconcile the conflict between public scrutiny and the needs of confidentiality, the New York State Legislature should consider grafting onto "Elisa’s Law” a procedure whereby a court may inspect in camera purported confidential information before determining whether it should be publicly released. Until that time, upon a request of the party resisting disclosure of the desired information (see, Church of Scientology v State of New York, 46 NY2d 906), the Court of Appeals has sanctioned in camera inspection before ordering information release. In Matter of Fink (supra, at 571), the Court of Appeals opined: "the agency does not have carte blanche to withhold any information it pleases * * * it is required to articulate particularized and specific justification and, if necessary, submit the requested materials to the court for in camera inspection, to exempt its records from disclosure”. Furthermore, Social Services Law § 422 (4) (A) provides that Department of Social Services confidential information shall be made available to a court, upon a finding that the information in the record is necessary for the determination of an issue before the court.
Accordingly, the petitioners’ request for relief is granted unless within seven days of the filing of the order in this matter respondents request an in camera inspection.