■ In the Matter of SARAH FF. and Another, Children Alleged to be Neglected. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; MELISSA FF., Respondent. [797 NYS2d 571]—

Spain, J. Appeals (1) from an order of the Family Court of Saratoga County (Abramson, J.), entered December 11, 2003, which, in a proceeding pursuant to Family Ct Act article 10, appointed a court appointed special advocate, sua sponte, with authority to review confidential records maintained by petitioner, and (2) from an order of said court, entered April 15, 2004, which, inter alia, denied petitioner's motion to quash a subpoena duces tecum.

In December 2003, petitioner commenced a neglect proceeding against respondent pursuant to Family Ct Act article 10, and a Law Guardian was appointed to represent her two children, then six months and 22 months of age. At the initial appearance, Family Court informed respondent that she would be

appointed an attorney[1] and, sua sponte, by order appointed a Court Appointed Special Advocate (hereinafter CASA) volunteer to "appear at proceedings for the child(ren)." The court's order broadly authorized the CASA volunteer to conduct an investigation and "make such report or reports to the court regarding the position of the CASA worker and the placement, services, program and permanency plan of the child(ren) as is appropriate *to the disposition* in this matter" (emphasis added) based upon "contact within the context of this proceeding with the parties, caseworkers, and counsel."[2] The court further directed that, pursuant to Family Ct Act § 166, the CASA volunteer "be permitted access to the files, papers and records of [a number of entities including petitioner] as necessary to [the CASA volunteer's] investigation." This order, in effect, authorized the CASA volunteer's access to the confidential child protective services reports, files and case records maintained by petitioner related to the neglect petition. Challenging the court's authority to, among other things, grant the CASA volunteer access to its confidential records, petitioner appealed from this order.

On the adjourned date, in response to petitioner's objections to providing the CASA volunteer with access to its confidential records, Family Court issued a subpoena duces tecum ordering that the records be delivered directly to the court so as to provide access for the CASA volunteer. After submitting the files and records to the court in compliance with the subpoena, petitioner moved, by order to show cause, for, among other things, an order quashing the subpoena. Upon Family Court's denial of the requested relief, petitioner again appealed, and both appeals were subsequently consolidated by this Court.

With regard to both orders, we find merit in petitioner's assertion that Family Court erred in authorizing the CASA volunteer, who is not a party to this proceeding, to have access to the confidential records maintained by petitioner.[3] We recognize that Family Ct Act § 255 "authorizes Family Court to direct officers and agencies to render assistance and cooperation which

---

1. It appears from the record that respondent did not meet with her assigned attorney until her next court appearance, four weeks later.

2. While the Law Guardian was appointed to represent the children as their attorney, it appears that this order appointing the CASA volunteer authorizes the volunteer to both "appear for the child(ren)" and to act as an investigator and facilitator, reporting directly to Family Court.

3. Notably, unlike other states, there are no statutory provisions or administrative rules in this state which refer to or address the appointment, role or authority of CASA volunteers, and there is also very little New York case law regarding CASA (*see Matter of D. Children,* 90 AD2d 348 [1982], *affd* 60 NY2d 838 [1983]).

are in the best interest of a child . . . provided that the ordered assistance and cooperation are within the legal authority of the court and the agency" (*Matter of Nathan S.*, 198 AD2d 557, 559 [1993]). However, petitioner's legal authority to release its confidential reports—like the court's authority to direct such release—is specifically limited by Social Services Law § 422. Under that statute, confidential reports and "any other information obtained" as a result of such reports "shall be confidential," and shall be made available only to a number of specifically enumerated individuals, agencies and other entities (*see* Social Services Law § 422 [4] [A] [a]-[y]). CASA volunteers are not included within the list. Of course, among the many specifically enumerated entities to whom release is permitted is "a court, upon a finding that the information in the record is necessary for the determination of an issue before the court" (Social Services Law § 422 [4] [A] [e]). Here, however, the court made no such finding of necessity and nothing in this record supports the conclusion that such broad disclosure authority to a CASA volunteer is "necessary."[4] Further, Social Services Law § 422 (4) (A) (e) merely permits access by a court—when necessary to avail itself of these records—for its own use in making a "determination of an issue" before it. Nothing in this statute permits a court to expand the carefully crafted statutory and exclusive list of those to whom access is authorized. Indeed, Family Ct Act § 255 does not authorize Family Court to order petitioner to provide the CASA volunteer access to its confidential records and, more significantly, Social Services Law § 422 precludes petitioner from doing so.

Here, Family Court's order, directing the CASA volunteer to have access to petitioner's files, relied upon Family Ct Act § 166. In relevant part, that section confers discretion upon the court to permit the inspection of any papers or records of Family Court proceedings (*see* Family Ct Act § 166; *Holmes v DeVincenzo*, 163 AD2d 594, 595 [1990]). Notably, at the time that Family Court issued its order authorizing access to these confidential records, such records were held by petitioner, and were not records or papers of a Family Court proceeding. In our view, Family Ct Act § 166 cannot be interpreted to override the specific dictates of Social Services Law § 422 (*see* *Matter of Michelle HH.*, 18 AD3d 1075 [2005]). Thus, it was error for Family Court to grant the CASA volunteer access to the confidential reports, records and files maintained by petitioner in this case.

4. One specifically enumerated person who is authorized access to these confidential records under Social Services Law § 422 (A) is the children's Law Guardian (*see* Social Services Law § 422 [4] [A] [t]).

In so ruling, we note our concern with the unqualified scope of authority conferred by predispositional orders of this nature, which give CASA volunteers no guidance or parameters. We find it unnecessary to address petitioner's remaining contentions, which we find lack merit.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as authorized the Court Appointed Special Advocate volunteer to have access to petitioner's confidential case files, and, as so modified, affirmed.

