■ In the Matter of MICHELLE HH., a Person in Need of Supervision, Respondent. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [797 NYS2d 567]—

Spain, J. Appeals (1) from an order of the Family Court of Saratoga County (Abramson, J.), entered January 26, 2004, which, inter alia, in a proceeding pursuant to Family Ct Act article 7, appointed a court appointed special advocate, sua sponte, with authority to review confidential records maintained by petitioner, and (2) from an order of said court, entered April 9, 2004, which, inter alia, denied petitioner's motion to vacate the previous order.

Respondent had been adjudicated to be a person in need of supervision pursuant to Family Ct Act article 7, and was placed in the care of petitioner for a period of one year, a term later extended for a brief period pursuant to Family Ct Act § 756-a. Thereafter, as a result of respondent's negative behavior, after a hearing, Family Court granted petitioner's second extension petition continuing placement for an additional six months. In addition, on its own motion, the court appointed a Court Ap-

pointed Special Advocate (hereinafter CASA) volunteer to, among other things, "make sure the transition for [respondent] back home is smooth" and, pursuant to Family Ct Act § 166, granted the CASA volunteer access to the confidential foster care records maintained by petitioner in respondent's case.

Petitioner appealed this order and then moved, among other things, to vacate that order or, in the alternative, to delete the CASA volunteer's authority to access the confidential records maintained by petitioner. After argument of counsel, Family Court issued an order denying petitioner's motion, without a hearing. Petitioner then appealed from that order, and both appeals were consolidated by order of this Court.

We find merit in petitioner's assertion that Family Court erred in ordering petitioner to provide the CASA volunteer, who is not a party to this proceeding, access to its confidential foster care records. Family Ct Act § 255 "authorizes Family Court to direct officers and agencies to render assistance and cooperation which are in the best interest of a child . . . provided that the ordered assistance and cooperation are within the legal authority of the court and the agency" (*Matter of Nathan S.*, 198 AD2d 557, 559 [1993]). The legal authority for petitioner to provide access to its confidential foster care records is provided in and limited by Social Services Law § 372 (4) (a). Specifically, that statute states that foster care records maintained by the Department of Social Services "shall be deemed confidential and shall be safeguarded from coming to the knowledge of and from inspection or examination by any person other than one authorized, by the department . . . or *by a judge of the family court when such records are required for the trial of a proceeding in such court, after a notice to all interested persons and a hearing,* to receive such knowledge or to make such inspection or examination" (Social Services Law § 372 [4] [a] [emphasis added]). While the parameters of the term "all interested persons" has not been "definitively defined[,] . . . it seems clear that notice must be given, at the very least . . . to the Commissioner of Social Services" (*Quillen v State of New York*, 191 AD2d 31, 33 [1993]). Moreover, the "disclosure of the type of records sought herein, in whatever court it is afforded, should be limited to what is shown to be necessary and should be accompanied by adequate safeguards to limit as much as possible the unnecessary loss of confidentiality" (*Matter of Carla L.*, 45 AD2d 376, 382 [1974]).

Here, in the first instance, petitioner was neither provided notice nor an opportunity to be heard on the issue of whether the records should be made available, and Family Court issued its broadly worded order following the extension hearing at

which the issue of the CASA volunteer's access to petitioner's records was not raised. Although, at the return of the motion challenging the CASA order, counsel for the parties did have an opportunity to be heard both in their responsive pleadings and at oral argument, Family Court did not hold a hearing; rather, the court made its decision to deny petitioner's underlying motions without articulating any findings as to why, in this particular case, a CASA volunteer's unrestricted, unqualified access to all foster care records held by petitioner regarding this respondent was essential. At the very least, a hearing should have been held and the court should have made specific findings as to why access to confidential records held by petitioner was "required" under the circumstances of this case (*see* Social Services Law § 372 [4] [a]; *Quillen v State of New York, supra* at 33).

Further, Family Court's order directing the CASA volunteer to have access to petitioner's files relied upon Family Ct Act § 166. In relevant part, that section confers discretion upon the court to permit the inspection of any papers or records of Family Court proceedings (*see* Family Ct Act § 166; *Holmes v DeVincenzo*, 163 AD2d 594, 595 [1990]). Notably, at the time that Family Court issued its order authorizing access to these confidential record, such records were held by petitioner, and were not records or papers of a Family Court proceeding. In our view, Family Ct Act § 166 cannot be interpreted to override the specific dictates of Social Services Law § 372 (4) (a) (*see Matter of Sarah FF.*, 18 AD3d 1072 [2005]).

Petitioner further contends that Family Court's authority to grant access to respondent's foster care records is also subject to the requirements of the Mental Hygiene Law because these records likely contain confidential mental health information relating to respondent. At the time of the extension hearing, respondent—already in the custody of petitioner—was under the care of a therapist, and had recently been released from a local mental health facility. If records of this nature are contained in respondent's foster care file, Mental Hygiene Law § 33.13 prohibits their release except in certain limited instances.[1] One such instance where clinical records may be released to an outside agency, person or office, is "pursuant to an order of a court of record requiring disclosure upon a finding by the court that the interests of justice significantly outweigh the need for

---

1. Notably, any clinical information about respondent which may have properly been released to petitioner must be kept confidential by petitioner in accordance with Mental Hygiene Law § 33.13 (f).

confidentiality" (Mental Hygiene Law § 33.13 [c] [1]). Here, no such finding has been made.[2]

Accordingly, this matter should be remitted for Family Court to determine whether access by a CASA volunteer to this confidential information is warranted and, if so, for an inquiry under Social Services Law § 372 (4) (a). Additionally, a determination must be made, prior to any disclosure, as to whether any medical and/or mental health information is contained in petitioner's files and, if so, an opportunity provided for petitioner and respondent to be heard and a determination made under the Mental Hygiene Law and the Health Insurance Portability and Accountability Act. Indeed, if any determination is made which grants access to these confidential records, the parameters of said access must be meticulously defined, as well as the obligation of the CASA volunteer—as Family Court has ordered—to maintain confidentiality.[3]

We have considered petitioner's remaining contentions and find they are without merit.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as authorized the Court Appointed Special Advocate volunteer to have access to petitioner's confidential case files; matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

 ---

**2.** Petitioner also asserts that any medical or mental health information in its files would be "protected health information" under the federal Health Insurance Portability and Accountability Act and, thus, can only be released in accordance with that statute.

**3.** It appears that no attempt was made in this case—as it should have been—to obtain the consent of all parties permitting access by the CASA volunteer to specific and relevant parts of respondent's confidential records maintained by petitioner.