■ CATHERINE C., Individually and as Parent and Guardian of LACEY D., an Infant, Respondent, v ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Appellants, et al., Defendant. [832 NYS2d 99]—

Peters, J. Appeal from an order of the Supreme Court (Teresi, J.), entered June 6, 2006 in Albany County, which ordered disclosure of certain records kept by defendant Albany County Department of Social Services.

In February 2004, plaintiff received a telephone call from a local hospital indicating that defendant John TT., then 17 years old, needed a place to stay that evening.[1] Concerned about the placement of John with her daughter, Lacey D., then 12 years old, plaintiff was assured by both hospital employees through

---

1. John's hospital stay was precipitated by an altercation with his uncle who had sole custody of him.

representations from defendant Albany County Department of Social Services (hereinafter DSS), and later by DSS itself, that John's placement would be of no threat to her daughter. On the following day, in plaintiff's home, John had sexual intercourse with Lacey.

Plaintiff commenced this action, individually and on behalf of Lacey, against John, DSS and Albany County, asserting numerous causes of action, which included the claim of gross negligence against DSS and the County based upon their knowledge and/or notice of John's history of sexual misconduct. During the disclosure process, DSS refused plaintiff's request to release its records pertaining to John, asserting confidentiality pursuant to Social Services Law §§ 372 and 422, but it did submit the requested records to Supreme Court for an in camera review. Supreme Court, without holding a hearing, entered an order disclosing certain documents. Both DSS and the County appeal.[2]

By the clear and unambiguous terms of Social Services Law § 422, reports of child abuse and maltreatment (see Social Services Law § 422 [1]), "as well as any other information obtained" as a result of such report, "shall be confidential" (Social Services Law § 422 [4] [A]) and made available to only the specifically enumerated individuals, agencies or facilities detailed therein (see Social Services Law § 422 [4] [A] [a]-[y]). Included within that list is "a court, upon a finding that the information in the record is necessary for the determination of an issue before the court" (Social Services Law § 422 [4] [A] [e]). Narrowly interpreted to allow the court to have access to such records "for its own use" to decide a particular issue, "[n]othing in [the] statute permits a court to expand the carefully crafted statutory and exclusive list of those to whom access is authorized" (*Matter of Sarah FF.*, 18 AD3d 1072, 1074 [2005]; *see* Social Services Law § 422 [4] [A] [a]-[y]). The DSS records at issue contain a report of abuse of John and investigative information related to that abuse. Supreme Court failed to make a clear determination of necessity as to this material as required by the statute (*see* Social Services Law § 422 [4] [A] [a]-[e]). Thus, the release of these records was in error.

Social Services Law § 372, on the other hand, protects the confidentiality of *all* of DSS's records. While this protection "is not always sacrosanct, and upon the basis of a proper showing . . . may be released upon court order after an in camera inspection" (*People v McFadden*, 178 Misc 2d 343, 345 [1998], *affd*

---

**2.** By order dated July 24, 2006, this Court granted a stay pending the appeal.

283 AD2d 1030 [2001]), the statutory confidentiality accorded to these records will be safeguarded until after a hearing is held by Supreme Court with "all interested persons" (Social Services Law § 372 [4] [a]). While the "parameters of the term 'all interested persons' has not been 'definitively defined' " (*Matter of Michelle HH.*, 18 AD3d 1075, 1076 [2005], quoting *Quillen v State of New York*, 191 AD2d 31, 33 [1993]), we have stated that notice will be required "to . . . individuals, if they have attained majority" (*Quillen v State of New York, supra* at 33). With John having attained majority at the time of the request, but having defaulted in this action, we decline to use the shield of CPLR 3105 as a sword to find a waiver of his rights under Social Services Law § 372 (4) (a); a finding of waiver must be "predicated on intent" (*Matter of Carla L.*, 45 AD2d 375, 381 [1974]). Consequently, John should have been given notice of the application for disclosure of his DSS records. For all of these reasons, we reverse and remit this matter to Supreme Court.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.