OPINION OF THE COURT
Spain, J.
The four subject children were removed from the custody of respondent, their mother, and placed in petitioner’s care in January 2010. By order of January 11, 2010, Family Court (1) appointed a volunteer from the Ulster County Court Appointed Special Advocate program (hereinafter CASA) to assist the court, (2) authorized the volunteer to review the Family Court case file and “have full access to service providers,” (3) ordered “all individuals, institutions, educational facilities, medical care providers, and others having information about the children [to] release same” to the volunteer without further authorization unless release of such information is protected by state or federal law, and (4) directed that CASA and its volunteer not disclose any information except to the court or counsel. The court further directed the CASA volunteer to “inquire into the facts and circumstances of this case and make a report to the [c]ourt” and counsel, and to “monitor the family situation, report on compliance with any orders issued by this [c]ourt and [to] assist the family in accessing any necessary or recommended services” (see 22 NYCRR 44.1, 117.2). Petitioner did not appeal from that order.
Respondent was found to have neglected the children upon her admissions and the children were continued in petitioner’s custody on consent. The CASA volunteer assigned to this case— among other actions — met with the children, the biological and foster parents, education providers and respondent’s mental health therapist, and submitted five reports to Family Court. Thereafter, alleging that petitioner was frustrating the CASA volunteer’s efforts to assist the court in compliance with its January 2010 order, CASA moved for an order directing petitioner to provide the CASA volunteer access to specific information regarding the children, who were still in petitioner’s custody, as well as notice of and access to the children’s service plan reviews and visitations with their family; CASA also sought an order directing petitioner to refrain from instructing the children’s foster parents and mental health and other providers not to speak with the CASA volunteer. Petitioner opposed that motion, arguing, among other points, that CASA had no standing as a nonparty to seek such relief and that the records and *153 information sought to be disclosed were confidential. Family Court, without a hearing, partially granted the motion and ordered the requested relief except for denying CASA access to visitations between the children and relatives. By permission of this Court, petitioner appeals.[1]
As an initial matter, while the Rules of the Chief Judge recognize the “vital role that [CASA] can perform in aiding Family Court efforts to further the health, safety and well-being of children” (22 NYCRR 44.0), as Family Court here recognizes, CASA “is not a party to the [Family Court] proceeding” (22 NYCRR 44.1; see Matter of Sarah FF., 18 AD3d 1072, 1073 [2005]; Matter of Michelle HH., 18 AD3d 1075, 1076 [2005]). Neither is CASA entitled to intervene as of right (see CPLR 1012 [a]) or by permission (see CPLR 1013).[2] As a nonparty, CASA did not have the right or capacity to make a motion seeking this relief (see CPLR 2211; Siegel, NY Prac § 243 at 422 [5th ed 2011]). Family Ct Act § 255, upon which the court relied here in addressing CASA’s requests for relief, “authorizes Family Court to direct officers and agencies to render assistance and cooperation which are in the best interest of a child . . . provided that the ordered assistance and cooperation are within the legal authority of the court and the agency” (Matter of Nathan S., 198 AD2d 557, 559 [1993]; see Matter of Michelle HH., 18 AD3d at 1076). While that statute allows the court to seek the assistance of a CASA volunteer within the confines of the rules, statutes and case law, it does not authorize the court to entertain a motion by CASA simply based upon that appointment.
Given the foregoing, we will construe CASA’s application as a report to Family Court pursuant to its January 2010 order of appointment, which the court considered and, sua sponte, issued the subject order[3] directing petitioner’s cooperation with *154 CASA, as specified (see CPLR 5701 [a] [2]; [c]). Further, as CASA is not a party entitled to be heard on the merits of this appeal by petitioner, and in view of the important issues presented and the particular circumstances of this case, we will, sua sponte, grant CASA amicus curiae status so as to allow consideration of its brief and arguments on this appeal (see 22 NYCRR 500.23 [a] [4] [iii]; Davies, Stecich and Gold, New York Civil Appellate Practice § 8:4 [2d ed 8 West’s NY Prac Series 2013]; see also Hope v Perales, 82 NY2d 680, 681 [1993]; British Am. Dev. Corp. v Schodack Exit Ten, LLC, 83 AD3d 1247, 1248, 1248 n [2011]).
Addressing the merits of petitioner’s challenge to Family Court’s order, we find that the court acted within its authority in directing petitioner to cease directing the children’s foster care parents not to speak to the CASA volunteer, but that the court otherwise exceeded its authority in several respects. We are persuaded by petitioner’s assertion that the court’s order on appeal, as well as the January 2010 order, would require petitioner to violate the statutory confidentiality protections afforded to foster care records and information, expose it to liability for such disclosure, and exceeded the court’s authority.
“Social Services Law § 372 . . . protects the confidentiality of all of [petitioner’s] records. While this protection is not always sacrosanct, and upon the basis of a proper showing . . . may be released upon court order after an in camera inspection, the statutory confidentiality accorded to these records will be safeguarded until after a hearing is held . . . with ‘all interested persons’ ” (Catherine C. v Albany County Dept. of Social Servs., 38 AD3d 959, 960-961 [2007], quoting Social Services Law § 372 [4] [a] [internal quotation marks and citation omitted]).
Thus, “[t]he legal authority for petitioner to provide access to its confidential foster care records is provided in and limited by Social Services Law § 372 (4) (a)” (Matter of Michelle HH., 18 AD3d at 1076). That statute provides that foster care records maintained by petitioner
“shall be deemed confidential and shall be safeguarded from coming to the knowledge of and from inspection or examination by any person other than one authorized, by [petitioner], . . . or by a judge of *155 the family court when such records are required for the trial of a proceeding in such court, after a notice to all interested persons and a hearing” (Social Services Law § 372 [4] [a] [emphasis added]; see Matter of Michelle HH., 18 AD3d at 1076).
Disclosure is “ ‘limited to what is shown to be necessary and should be accompanied by adequate safeguards to limit as much as possible the unnecessary loss of confidentiality’ ” (Matter of Michelle HH., 18 AD3d at 1076, quoting Matter of Carla L., 45 AD2d 375, 382 [1974]).
Similarly, confidential central register reports of abuse or maltreatment, and “any other information obtained” pertaining to such reports, “shall be confidential” (Social Services Law § 422 [4] [A]); they shall be made available only to a number of specifically enumerated individuals, agencies, the court and other entities, and “CASA volunteers are not included within the list” (Matter of Sarah FF., 18 AD3d at 1074). While Family Court is permitted access to this material for its own use to make a determination, it cannot “expand the carefully crafted statutory and exclusive list of those to whom access is authorized” (id.). This statute precludes the court from ordering, and petitioner from allowing, a CASA volunteer access to this confidential material in any format or setting, and any prior or future order requiring disclosure to or access by a CASA volunteer should reflect this significant limitation.
Here, no hearing was held, no in camera inspection is apparent, and no safeguards were employed to limit the unnecessary disclosure of confidential information in either the order on appeal or the underlying January 2010 order. Family Court’s conclusion that it could issue these orders without the required hearing or the foregoing inquiry, based — as to the order on appeal — upon the fact that petitioner did not controvert CASA’s factual allegations, is incorrect, as this did not obviate the need for the court’s scrupulous inquiry of the specific and limited matters to be disclosed in whatever form (written or verbal), their necessity, and the need for safeguards. Indeed, the court never — in either order — articulated “any findings as to why, in this particular case, a CASA volunteer’s unrestricted, unqualified access to all foster care records held by petitioner regarding [these children] was essential” (Matter of Michelle HH., 18 AD3d at 1077).
Turning to the specific provisions in the order on appeal, Family Court providently directed petitioner to stop directing *156 the foster parents not to speak with a CASA volunteer. No statute prohibits the foster parents, if they choose, from communicating about the children with a CASA volunteer, whose broad role is to assist “Family Court efforts to further the health, safety!, permanency] and well-being of children” (22 NYCRR 44.0; see 22 NYCRR 44.1). This does not, of course, in any respect diminish the foster parents’ ongoing duty to maintain the confidentiality of information concerning the children in their care and custody where required by law.
With regard to Family Court’s unqualified directive that a CASA volunteer be permitted to attend all family service plan review meetings, and requiring petitioner to provide notice thereof, we find that the court exceeded its authority. Service plan reviews, which are aimed at ultimately achieving permanent discharge of children in foster care, require petitioner “to review progress made through implementation of the previous service plan, identify issues of concern and suggest modifications that impact on and inform the development of a new service plan for the case” (18 NYCRR 430.12 (c] !2] [i]; see 18 NYCRR 428.9). The reviews will often entail in-depth sharing, discussion and consideration of confidential information, such as medical and mental health information of the children or parents and reports of abuse and maltreatment. A CASA volunteer is not among those that must be invited to attend,[4] and there is no indication that the parents requested the presence of a CASA volunteer in this case (see 18 NYCRR 430.12 !c] [2] [i] !a] !l]-[9]). While the court is correct that these reviews can occur “without improper disclosure of confidential records,” the court’s unconditional order did not so limit the CASA volunteer’s access or attendance to noneonfidential matters. Further, while the rules contemplate a CASA volunteer’s input with respect to the permanency plans for children and their families (see 22 NYCRR 44.1), this does not authorize a CASA volunteer’s unrestricted attendance at such service plan meetings or override the statutory confidentiality protections. Given the likelihood that significant statutorily protected, confidential information will be discussed and disclosed at these meetings, the court’s order should have been issued only after a hearing on notice to all interested persons, a finding should have been made as to the necessity for the CASA volunteer to attend all or certain service *157 plan reviews for these children, and adequate safeguards and limitations on attendance should have been crafted to minimize the unnecessary disclosure of confidential information (see Matter of Michelle HH., 18 AD3d at 1076-1077).
Finally, Family Court lacked the authority to direct petitioner to “provide [the] CASA [volunteer] with the names of individuals and agencies providing mental health services to the children” subject only to the “providers, using their own professional judgment,” determining “what if any information regarding the children may be shared with [the] CASA [volunteer].” Mental Hygiene Law § 33.13 (c) prohibits the release of mental health records contained in foster care records except in limited circumstances, including “pursuant to an order of a court of record requiring disclosure upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality” (Mental Hygiene Law § 33.13 [c] [1]). The court here expressly declined to make such a finding, and petitioner is statutorily bound to keep such information confidential {see Mental Hygiene Law § 33.13 [f]), including “the identification of patients” and “information about patients” (Mental Hygiene Law § 33.13 [c]). In the absence of consent by the children, the attorney for the children or the parents, or documented compliance with the Health Insurance Portability and Accountability Act (Pub L 104-191, 110 US Stat 1936 [104th Cong, 2d Sess, Aug. 21, 1996] [codified in titles 18, 26, 29 and 42 of the United States Code]) and Privacy Rule (45 CFR parts 160, 164) (see Matter of Miguel M. [Barron], 17 NY3d 37, 41-42 [2011]), or a court’s interest of justice finding (see Mental Hygiene Law § 33.13 [c] [1]), after an in camera review and a hearing, the court had no authority to order petitioner to disclose to the CASA volunteer the names of the children’s mental health providers or their identity as patients of mental health providers (see Matter of Michelle HH., 18 AD3d at 1077-1078; see also Matter of Richard SS., 29 AD3d at 1123-1124). Moreover, once access to any of the foregoing sensitive confidential information is granted, “the parameters of said access must be meticulously defined ... to maintain confidentiality” (Matter of Michelle HH., 18 AD3d at 1078). Likewise, the directive that petitioner not discourage mental health providers or other service providers from speaking to the CASA volunteer about the children cannot be sustained in its present form, which lacks parameters to protect confidential information.
Accordingly, this matter must be remitted for Family Court to determine whether access to confidential information as directed *158 in both orders is warranted and, if so, for an inquiry under Social Services Law § 372 (4) (a) and any other statute relevant to the information sought to be disclosed, in written or verbal form, as provided in Matter of Michelle HH. (18 AD3d at 1078).
We have considered petitioner’s remaining contentions and determined that no further corrective action is required at this juncture.
Rose, J.E, Garry and Egan Jr., JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed petitioner to permit the Court Appointed Special Advocate volunteer notice of and an opportunity to attend family service plan review meetings and directed petitioner to provide said volunteer with the names of the individuals and agencies providing mental health services to the children; matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. The attorney for the children has indicated that he would be taking no position on this appeal. This Court granted petitioner’s motion for a stay pending the appeal, and granted a motion by Court Appointed Special Advocates of New York State, the statewide entity, for permission to file an amicus curiae brief.

. Petitioner’s arguments regarding Family Ct Act § 1035 (f) are misplaced, as that provision involves motions to intervene “for the purpose of seeking temporary or permanent custody of the child[ren],” which CASA did not seek in this case.

. While an order made sua sponte is not appealable as of right because it is not considered a motion made on notice (see CPLR 5701 [a] [2]; Sholes v *154 Meagher, 100 NY2d 333, 335 [2003]), this Court previously granted petitioner permission to bring this appeal (see CPLR 5701 [c]).

. CASA is not a “key provider! ] of service to the children] and family” (18 NYCRR 430.12 [c] [2] [i] [a] [7]) as it argues but, rather, an “assistant] to the court” (22 NYCRR 44.1).