Joyce Selapack et al., Individually and as Parents and Natural Guardians of Mitchell Selapack and Another, Infants, Respondents, v Iroquois Central School District et al., Appellants, et al., Defendants. [794 NYS2d 547]—

Appeals from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered October 27, 2003. The order granted plaintiffs' motion to compel the disclosure of the names of the person (s) who reported alleged incidents of abuse to Child Protective Services.

It is hereby ordered that the order so appealed from be and

the same hereby is reversed on the law without costs and the motion is denied.

Memorandum: Plaintiffs commenced this action alleging defamation and intentional infliction of emotional distress based on defendants' alleged filing of a report of plaintiffs' suspected child abuse and maltreatment with the statewide central register. Iroquois Central School District and Erie BOCES 2 (defendants) appeal from an order granting plaintiffs' motion to compel them "to disclose the name (s) of the person (s) who reported alleged incidents of abuse to Child Protective Services." We agree with defendants that Supreme Court erred in granting the motion. Social Services Law § 422 (4) (A) states that reports made to the central register "shall be confidential and shall only be made available" to certain persons and agencies listed in the statute. Plaintiffs, as persons "who [are] the subject[s] of the report," are entitled to the report (§ 422 [4] [A] [d]), and defendants do not dispute that plaintiffs are entitled to the substance of the report. Section 422 (4) (A) further provides, however, that "[n]othing in this section shall be construed to permit any release, disclosure or identification of the names or identifying descriptions of persons who have reported suspected child abuse or maltreatment to the statewide central register . . . without such persons' written permission except to persons, officials, and agencies enumerated in [listed subparagraphs] of this paragraph." One of the "persons, officials and agencies" in the listed subparagraphs is "a court, upon a finding that the information in the record is necessary for the determination of an issue before the court" (§ 422 [4] [A] [e]). Subparagraph (d) of paragraph (4) (A), which includes "any person who is the subject of the report," is not one of the listed subparagraphs. We disagree with the court's reasoning that, because the court is entitled to obtain the name of the reporter pursuant to the statute, it has the implied power to disclose the name of the reporter to plaintiffs.

Plaintiffs correctly assert that they may maintain a civil action against a person reporting suspected abuse who did not act in good faith and acted with willful misconduct or gross negligence (see Social Services Law § 419). No exception is made in sections 419 or 422, however, for the disclosure of the name of the person reporting the suspected abuse where there is an allegation that such person acted with willful misconduct or gross negligence, and we decline to read an implied exception into the statute. We recognize that this result may make it difficult for plaintiffs to pursue their action (see Lamot v City of New York, 297 AD2d 527, 527-528 [2002]), but our holding is

consistent with the intent of Social Services Law § 422 to protect the confidentiality of the names of the persons reporting suspected child abuse. "Disclosure of sources of information could have a chilling effect, thus hampering agency efforts in providing services to distressed families" (*New York News v Grinker*, 142 Misc 2d 325, 328 [1989]). If a party alleging defamation, such as plaintiffs here, could obtain the names of the reporters by simply commencing a defamation action, any such exception would swallow the rule of reporter confidentiality.

All concur except Gorski, J., who concurs in the result in the following memorandum.

Gorski, J. (concurring). While I agree with the majority that, upon this record, plaintiffs have not demonstrated their entitlement to disclosure of "the name (s) of the person (s) who reported alleged incidents of abuse to Child Protective Services," I do not agree that disclosure of the names of reporters of child abuse is forever foreclosed by Social Services Law §§ 419 and 422.

The majority recognizes that a plaintiff may maintain a civil action against a person reporting suspected abuse who did not act in good faith and acted with willful misconduct or gross negligence (*see* Social Services Law § 419). The majority interprets section 422 as not providing any avenue for a court to order disclosure of the name of the person reporting the suspected abuse under appropriate circumstances.

I agree with the majority that one of the aims of section 422 is to protect the confidentiality of the names of persons reporting suspected child abuse, as a way to encourage the protection of children by removing the threat of civil action and assuring those persons that their good-faith actions will not be second-guessed by third parties (*see Satler v Larsen*, 131 AD2d 125, 130 [1987]). I also agree with the majority that the mere commencement of a lawsuit does not eliminate the confidentiality protections contained in Social Services Law § 422 (4) (A), which prohibits disclosure of the "names or identifying descriptions of persons who have reported suspected child abuse or maltreatment."

Nevertheless, one of the exceptions set forth in Social Services Law § 422 (4) (A) (e), permits such disclosure to "a court, upon a finding that the information in the record is necessary for the determination of an issue before the court." I believe that, pursuant to section 422 (4) (A) (e), Supreme Court might properly order the disclosure of the name of a reporter of abuse or maltreatment in the context of a civil lawsuit where there is a clear demonstration by a plaintiff of bad faith, willful

misconduct or gross negligence. Those issues would be present before the court for determination because section 419 confers qualified, not absolute, immunity from civil liability. The statute recognizes a right of recovery against individuals where the purposes of immunity and confidentiality are violated, but the majority's decision appears to foreclose a court from ordering disclosure of the identity of even a bad faith reporter.

In this case, however, the record contains unsworn and conclusory allegations of false statements, bad faith, and malice. Further, plaintiffs have not demonstrated that they have exhausted the remedies available to them by discovery or by an application pursuant to Social Services Law § 422 (7). Because I believe that plaintiffs have fallen short of demonstrating that the reports were false or made in bad faith, I join in the result articulated by the majority. Present—Pine, J.P., Hurlbutt, Scudder, Gorski and Hayes, JJ.