M.H.B. v E.C.F.S. (2019 NY Slip Op 08276)





M.H.B. v E.C.F.S.


2019 NY Slip Op 08276


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Richter, J.P., Gische, Webber, Moulton, JJ.


10344 23518/18E

[*1] M.H.B., an Infant, by His Parents and Natural Guardians, C.B., et al., Plaintiffs-Respondents,
v
E.C.F.S., et al., Defendants-Appellants.


Bond, Schoeneck & King, PLLC, New York (Richard G. Kass of counsel), for appellants.
Norman A. Olch, New York, for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered March 13, 2019, which denied defendants' CPLR 3211(a)(7) motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiffs, whose son attended defendant school, allege that, after they made complaints concerning race-related problems at the school and issues experienced by their biracial son, defendants retaliated against them by making a false report of child neglect to Child Protective Services (CPS). The complaint alleges with specificity that defendants had no good faith basis for making the CPS report, and that, despite defendant Head of School acknowledging that the reporter had gone "rogue" and not followed school protocol, defendants failed to comply with their obligation to inform the CPS investigator that the allegations against the parents were untrue. Based on these allegations, plaintiffs assert causes of action for intentional infliction of emotional distress, defamation, violations of the New York State and City Human Rights Laws, and negligent hiring, training and supervision.
Defendants moved to dismiss all of these causes of action on the basis that plaintiffs would be unable to prove any of these claims because they did not know the identity of the CPS reporter and would be unable to learn it in discovery. They rely on the settled law that a mandated reporter is immune from liability for making a good faith child protective report, based on "reasonable cause" to suspect that the child might have been abused or neglected (Villarin v Rabbi Haskel Lookstein School, 96 AD3d 1, 6 [1st Dept 2012]; Social Services Law § 419). However, in the context of this motion to dismiss, the Court does not assess the relative merits of the complaint's allegations against defendant's contrary assertions or to determine whether or not plaintiffs can produce evidence to support their claims (see e.g. Residence on Madison Condominium v W.T. Gallagher & Assoc., 271 AD2d 209, 210 [1st Dept 2000]). Whether plaintiffs "can ultimately establish [their] allegations is not a part of the calculus in determining a motion to dismiss" (J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334 [2013], quoting EBC I, Inc. v Goldman Sachs & Co., 5 NY3d 11, 19 [2005]). Thus, regardless of whether plaintiffs will be able to obtain disclosure concerning the identity of the CPS reporter (Social Services Law § 422[4][A]; see DeLeon v Putnam Valley Bd. of Educ., 228 FRD 213 [SD NY 2005]; Selapack v Iroquois Cent. Sch. Dist., 17 AD3d 1169 [4th Dept 2005]), defendants have not demonstrated entitlement to dismissal of the well-pleaded complaint for failure to state a cause of action (see Oglesby v Eikszta, 2007 WL 1879723, *5 [ND NY 2007]). Moreover, contrary to defendants' contention, it is not clear that plaintiffs would require the name of the reporter in order to prevail on all of their causes of action or that the circumstantial evidence will be insufficient to support their claims.
Plaintiffs also assert a cause of action for libel based on an email sent to the entire school community by defendant Head of School. The motion court properly denied defendants' motion [*2]to dismiss this claim, finding that the contested statements are reasonably susceptible of a defamatory connotation (Armstrong v Simon & Schuster, 85 NY2d 373, 380 [1995]; Aronson v Wiersman, 65 NY2d 592, 593-594 [1985]), and that the letter does not contain only nonactionable opinions, but "mixed" statements of fact and opinion, which imply they are based upon facts that justify the opinion but are unknown to the listener or reader (Steinhilber v Alphonse, 68 NY2d 283, 289-290 [1986]; see Davis v Boeheim, 24 NY3d 262, 273 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK