Laura K. v Jaros (2025 NY Slip Op 00575)

Laura K. v Jaros

2025 NY Slip Op 00575

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND DELCONTE, JJ.

881 CA 23-01636

[*1]LAURA K., INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF A.K., AN INFANT, PLAINTIFF-APPELLANT,
v
ALLEGRA JAROS AND KALEIDA HEALTH, DEFENDANTS-RESPONDENTS. 

DEBORA K. BECERRA, DUNKIRK, AND GEFFREY GISMONDI LLC, WILLIAMSVILLE, FOR PLAINTIFF-APPELLANT.
HODGSON RUSS LLP, BUFFALO (PATRICK J. HINES OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered July 6, 2023. The order granted the motion of defendants to dismiss the complaint and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, individually and as parent and natural guardian of her daughter, commenced this action to recover damages allegedly resulting from a report to child protective services (CPS) made by defendants pursuant to Social Services Law § 413 of suspected neglect by plaintiff of her newborn daughter due to presumptively positive results of a drug test while in the hospital. As limited by her brief, plaintiff appeals from an order insofar as it granted those parts of defendants' motion to dismiss the complaint with respect to the causes of action for willful misconduct and gross negligence. We conclude that Supreme Court properly granted the motion to that extent. Pursuant to Social Services Law § 419, defendants are entitled to immunity from liability for their good faith compliance with the reporting requirements of section 413, and here plaintiff failed to present sufficient factual allegations that defendants, in reporting her presumptively positive drug test result to CPS, acted with "willful misconduct or gross negligence" (§ 419; see generally Selapack v Iroquois Cent. School Dist., 17 AD3d 1169, 1170 [4th Dept 2005]).
We have reviewed plaintiff's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court