OPINION OF THE COURT
Aaron B. Cohen, J.
Dr. G’s motion to renew and reargue the order of this court is hereby granted.
The court is presented with the issue of whether an attorney of record for a set of parties may inspect the court records wherein the parties were charged with neglect of their child when he was not the attorney in such proceeding. The neglect charge in such case was dismissed. The stated purpose of such inspection is to obtain evidence in an action against a doctor who was a witness in such neglect proceedings in the Family Court.
A review of the question must start with section 166 of the Family Court Act which states in relevant part that: “The records of any proceeding in the family court shall not be open to indiscriminate public inspection. However, the court in its discretion in any case (emphasis added) may permit the inspection of any papers or records.”
Douglas Besharov in his Practice Commentary of this section states: “Apparently, proper requests for discriminating public inspection cannot be refused, since the court is not specifically given discretion in regard to them but, *666 rather, is given broader ‘discretion in any case [to] permit the inspection of any paper or records’ * * * Some of the factors to be considered in determining the propriety of a request undoubtedly include the person or official making the request, the purpose for which the information is needed, and the possibility that the information once obtained, might be improperly used or disclosed,” (McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 166.)
The stated purpose of examination of the records in this case is for a legitimate legal reason, i.e., the pursuit of a legal remedy in another court of this State. The person making such request is a member of the Bar who will not indiscriminately cause such records to be disseminated to the public. The attorney already has knowledge that the doctor was involved in this Family Court proceeding and the attorney is not attempting to discredit an unknown doctor. The doctor’s identity is already known to the attorney who is simply seeking the Family Court records for proper discovery preparatory to litigation.
Section 1043 of the Family Court Act states that: “The general public may be excluded from any hearing under this article and only such persons and the representatives of authorized agencies admitted thereto as have an interest in the case.”
In the Practice Commentary written by Douglas Besharov (McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 1043), he states that:
“The obvious intent of this section is to safeguard the privacy of parents and children involved in child protective proceedings.
“Under this section closed hearings are not required, but are discretionary: ‘the general public may be excluded from any hearing’ (emphasis added).”
It is from these two sections (§§ 166, 1043), that the limited confidentiality and limited privacy of Family Court proceedings emanate. But it must be kept in mind that this is not blanket confidentiality and privacy, but rather one that is discretionary in every case. It is for the court to determine when and under what circumstances confidentiality and privacy shall or shall not be preserved. This *667 discretion is for the Judge on a case-by-case basis determined by the purpose and use of such confidentiality and privacy in that particular case.
As stated, a primary purpose of the confidentiality and privacy of Family Court records and proceedings is to encourage the resolution of problems of the family through legal means. In a neglect case our primary concern is the welfare of the children alleged to be neglected. Therefore, the overriding concern in the confidentiality of a neglect case is concern for the best interests of the child and his family. This confidentiality, however, should serve as a shield for the child and his parents, and not as a sword to prevent the child from obtaining legal redress in another court of this State. The Family Court should be and is concerned that a child be given all opportunities to explore whether or not malpractice was committed upon him.
The respondent argues that if confidentiality and privacy did not attach, it would discourage the appearance of witnesses such as Dr. G in neglect and abuse proceedings, and clearly frustrate the purpose of same, and work against the interest of abused children. This argument, however, is questionable. Clearly, in a civil case, the physician-patient privilege would not prevent the doctor from testifying. The privilege is owned by the patient, and the power to waive the privilege is vested in him. (CPLR 4504, subd [a].)
Furthermore, if the doctor were subpoenaed as a witness in a civil case, he would be required to testify pursuant to CPLR 4501 which states that: “A competent witness shall not be excused from answering a relevant question, on the ground only that the answer may tend to establish that he owes a debt or is otherwise subject to a civil suit”.
Therefore, if questions tending to establish malpractice were asked of a doctor in Supreme Court, he would be required to answer such. Thus, the respondent’s argument that doctors would not testify at neglect hearings if such proceedings were not confidential, is contrary to the realities of the law. If Dr. G is permitted to cloak himself by the confidentiality of the Family Court, the court would be remiss in its duty to the child in this case.
*668 Secondly, the confidentiality of Family Court records is not a blanket rule. At best one can ascribe a limited type of confidentiality and privacy to Family Court proceedings pursuant to section 166 of the Family Court Act which clearly states that “the court in its discretion in any case may permit the inspection of any papers or records.” Every person who is involved with Family Court is, therefore, put on notice that records “may” be open for inspection. The act’s proviso is only that such inspection not be “open to indiscriminate public inspection.” Where such inspection is discriminate, the court may permit such inspection.
Thirdly, the Family Court Rules provide in section 2501,3 (a) (22 NYCRR 2501.3 [a]): “The petitioner and the respondent in a Family Court proceeding and their attorneys, and, when a child is either a party to, or its custody may be affected by the. proceedings, the parents or persons legally responsible for the care of that child, the law guardian or attorney for that child, an authorized representative of a child protective agency or of the probation service, and an agency to which custody of the child has been committed by an order of the Family Court shall have access to the pleadings, any legal papers formally filed in the proceeding, the findings, the decisions and the orders, and, subject to the provisions of CPLR 8002, the transcribed minutes of any hearing held in the proceeding.”
Thus, under this section of the rules, the parties and their attorneys are permitted to have access to the minutes of the hearing upon proper payment to the stenographer (CPLR 8002). While section 166 of the Family Court Act says that inspection must be discriminate, rule 2501.3 (a) of the Family Court is specific in declaring that the parties and their attorneys would be among those who shall be permitted to see such records and transcribed minutes. Therefore, in the instant case, the attorney would be allowed to inspect and have access to the minutes of the neglect hearing.
Dr. G’s attorney cites Matter of Minicozzi (51 Misc 2d 595), as being a case closely analogous to the one at hand. This case is not directly in point as it concerns sections 114 and 115 of the Domestic Relations Law that provide that adoption papers are sealed, and inaccessible, unless access *669 and inspection be granted on good cause shown. Section 136 of the Social Services Law provides that welfare records are confidential, to be disclosed only in accordance with the statute which deals with dissemination to news firms or organizations. Neither statute is of the same venue as section 166 of the Family Court Act which gives the Family Court discretion in any case to permit inspection of any papers or records.
Finally, the Court of Appeals has spoken specifically on this section of the Family Court Act in Matter of Richard S. v City of New York (32 NY2d 592). Under this provision the court states that (pp 595-596): “The Family Court has, of course, inherent power over its own records.” The Family Court may in any case permit the inspection of its records.
The court in its discretion orders the release of the testimony of Dr. G to the attorney seeking such. He is directed to keep such records in the utmost confidence, so as not to cause their release to anyone but those involved in the litigation of the suit he seeks to prosecute. In this manner, the confidentiality of such Family Court records shall be preserved while still allowing for their release for such limited stated purpose.