■ In the Matter of ROBERT LEWIS, Appellant, v ROBERT L. ESTES, as Delaware County Family Court Judge, Respondent. [644 NYS2d 851] —Mikoll, J.

In June 1980, petitioner was convicted in Delaware County Court of the crimes of murder in the second degree, manslaughter in the second degree, attempted burglary in the second degree, burglary in the third degree and grand larceny in the third degree. All of the charges arose out of petitioner's participation in a burglary in the course of which a woman was shot to death. Petitioner was sentenced to concurrent terms on each charge, cumulatively resulting in a prison sentence of 20 years to life. This Court affirmed the judgment of conviction (*People v Lewis*, 107 AD2d 838) as well as County Court's denial of petitioner's subsequent CPL 440.10 motion (*People v Lewis*, 147 AD2d 813, *lv denied* 74 NY2d 742).

In August 1995, petitioner made a motion before Delaware County Family Court to unseal its records pertaining to two individuals: Russell Rieman, one of petitioner's alleged accomplices; and Linda Parker, a witness who gave perjured testimony before, *inter alia*, the Grand Jury in an unsuccessful attempt to provide Rieman with an alibi (*see, People v Rieman*,

144 AD2d 110). Parker was subsequently adjudicated a juvenile delinquent by Family Court based upon her perjured testimony. It is the sealed Family Court records relating to the juvenile delinquency proceeding against Parker and the sealed records of a separate Family Court proceeding against Rieman that petitioner requests permission to inspect. Family Court denied the motion. Petitioner appeals.

The determination as to whether to open sealed Family Court records lies within the sound discretion of that court (*see*, Family Ct Act § 166). The court must first determine if the requested information "is material and relevant to a matter of legitimate * * * inquiry, and whether a case for inspection of otherwise confidential materials has been made" (*Matter of Hecht*, 90 Misc 2d 308, 310). Petitioner has failed to demonstrate that the records are relevant to his criminal conviction. Neither Parker nor Rieman testified against petitioner at his criminal trial. Further, there is no indication, other than petitioner's unsupported speculations, that any of the material contained in Family Court's sealed records relating to Parker and Rieman would exonerate petitioner. We cannot say that Family Court's denial of petitioner's motion to unseal the records in question was an abuse of the court's discretion.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.