◼ In the Matter of EAGLE INSURANCE COMPANY, Respondent, v VENTURA SOTO et al., Respondents, and PREFERRED MUTUAL INSURANCE COMPANY, Appellant. [679 NYS2d 621] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, Preferred Mutual Insurance Company appeals from (1) an order of the Supreme Court, Nassau County (Trainor, R.), dated October 21, 1996, which found that the allegedly offending vehicle was insured by the appellant on the date of the accident in controversy and stayed the arbitration, and (2) an order of the same court (DiNoto, J.), dated April 11, 1997, which denied its motion to vacate the order dated October 21, 1996.

Ordered that the appeal from the order dated October 21, 1996, is dismissed; and it is further,

Ordered that the order dated April 11, 1997, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appellant purports to appeal from the order of a Referee, which concluded that the appellant was the insurer of a vehicle allegedly responsible for an automobile accident. The order was dated October 21, 1996, and it was served upon the appel-

lant, with notice of entry, on or about October 24, 1996. The appellant's notice of appeal was filed on or about November 13, 1997. Inasmuch as the appellant's notice of appeal was not filed within the requisite statutory period, the appeal therefrom must be dismissed as untimely (*see,* CPLR 5513 [a]; *Deygoo v Eastern Abstract Corp.,* 204 AD2d 596).

The appellant subsequently moved to vacate the order, contending that it had been rendered on the appellant's excusable default in appearance at a "framed issue hearing". The respondent Eagle Insurance Company (hereinafter Eagle) opposed this motion by offering evidence, including the affidavit of the attorney who appeared on its behalf before the Referee, asserting that the appellant not only appeared at the framed issue hearing before the Referee, but also that the appellant's attorney conceded coverage of the allegedly offending vehicle. The appellant did not refute this contention before the Supreme Court and its brief before this Court completely ignores this matter. The order dated October 21, 1996, does not recite the appearances of counsel and it gives no indication that it was rendered on default or upon the appellant's concession. Most critically, the appellant inexcusably failed to provide the Supreme Court with a copy of the transcript of the proceedings before the Referee, and thus no such transcript is available in the record for this Court's review.

The appellant has failed to provide the single most important exhibit to substantiate its assertion that the Referee rendered his determination on default. This Court has no way of ascertaining from the record whether the appellant did default, or whether, as Eagle contends, the appellant appeared and conceded coverage. Under the circumstances, since the appellant has not demonstrated that it did, in fact, default, and that it has a reasonable excuse for its purported default and a meritorious defense to Eagle's petition for a stay of arbitration, the Supreme Court correctly denied the appellant's motion to vacate. Miller, J. P., Altman, McGinity and Luciano, JJ., concur.