■ NANCY LAMOT, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [747 NYS2d 203]

Because the prior order of which plaintiff's motion sought reconsideration was not the result of a motion made on notice, and was not based on a formal record, it was not appealable as of right (*see* CPLR 5701 [a] [2]; *Castadot v Palmer*, 266 AD2d 169; *Everitt v Health Maintenance Ctr.*, 86 AD2d 224, 227). Accordingly, pursuant to CPLR 2001, we deem plaintiff's motion as one to vacate or modify the prior order, and the order denying it as subject to full appellate review on the merits (*see 220-52 Assoc. v Edelman*, 241 AD2d 365, 368).

In this action against defendant City for allegedly having negligently failed to remove the infant plaintiff from the custody of her abusive mother for several years after receiving reports of such abuse, the motion court refused plaintiff's request for disclosure of the City's records relating to reports of abuse of the infant plaintiff's siblings who lived in the same household. We are constrained to affirm the order on the ground that such records are confidential, subject to enumerated exceptions not here relevant, under Social Services Law § 422 (4) (A). The statute does not authorize disclosure of covered records to siblings of the child whose alleged abuse is the subject of the report (*cf.* Social Services Law § 422 [4] [A] [d]; § 412 [4], [5]). Contrary to plaintiff's contention, Social Services Law § 372 is inapplicable because the infant plaintiff and her siblings were not subject to foster care at the relevant times (*see New York News v Grinker*, 142 Misc 2d 325, 328).

We recognize that barring the present infant plaintiff from obtaining records of the investigations of abuse of her siblings is arguably a harsh result, given the apparent relevance of such records to the question of whether the City breached a

duty of care to protect the infant plaintiff from abuse that may have become foreseeable in light of known reports of abuse of other children living in the same household (*see* 18 NYCRR 432.2 [b] [3] [ii] [c]). The Legislature has specifically directed, however, that records of child-abuse investigations are to be kept strictly confidential except as expressly permitted by statute, and has not acted to permit records of an investigation of abuse of a given child to be disclosed to another child who lived in the same household at the time of the abuse that was the subject of the investigation, or to the other child's guardian. Though we regret the application of this rule in the case before us, we may not rewrite the statute to suit our own policy preferences. Relief from the existing law must come from the Legislature, and we recommend that body consider a measure to serve that end.

We note that plaintiff's reply brief represents that, after this appeal was perfected, the City relied on certain of the withheld documents in moving for summary judgment. The papers on the summary judgment motion are not part of the record for the present appeal, and we are therefore unable to determine at this juncture the effect, if any, of such use by the City of documents previously withheld as confidential on its ability to continue to assert statutory confidentiality as to other documents of the same class. Plaintiff may raise the question, however, in further proceedings. Concur—Saxe, J.P., Buckley, Lerner, Friedman and Marlow, JJ.