■  MARGARET A. SCHWAHL, Appellant, v PAMELA GRANT et al., Respondents, et al., Defendants. [850 NYS2d 159]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated September 12, 2006, as, after an in camera review, granted that branch of the cross motion of the defendants Pamela Grant,

Nidhi Vohra, and Stephen A. Vitkun which was to compel her to respond to their notice for discovery and inspection.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Pursuant to Family Court Act § 166, the "records of any proceeding in the family court shall not be open to indiscriminate public inspection. However, the court in its discretion in any case may permit the inspection of any papers or records." Thus, Family Court Act § 166 does not render Family Court records confidential, but merely provides that they are not open to indiscriminate public inspection (see *People v Brailsford*, 106 AD2d 648, 649 [1984]; *Department of Social Servs. v Land*, 110 Misc 2d 665, 666-667 [1981]). Contrary to the plaintiff's contentions, the court properly exercised its discretion in concluding that the Family Court records sought to be discovered were material and relevant to the plaintiff's theory of causation of the infant's injuries, and even as to whether the infant plaintiff's injuries exist. In an effort to preserve confidentiality to an appropriate extent, the Supreme Court first conducted an in camera review of the Family Court records. Upon determining that the records were discoverable, it properly limited access to the records to necessary counsel and their administrative staff, and directed them to refrain from making unnecessary copies of the documents or providing such copies to their respective clients without further court permission. Prudenti, P.J., Crane, Fisher and McCarthy, JJ., concur.