■ MATTHEW ALLEN et al., Respondents, v JOHN CIANNAMEA et al., Appellants, et al., Defendant. [909 NYS2d 571]—

Cardona, P.J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered July 8, 2009 in Rensselaer County, which denied a motion by defendants John Ciannamea and Gregory A. Yamin to compel disclosure.

Plaintiff Phyllis Allen (hereinafter plaintiff),* as parent and guardian, commenced this personal injury action on behalf of the infant children, seeking damages for, among others things, neurological, developmental, emotional and psychological injuries allegedly sustained by the children as a result of their exposure to lead-based hazards while living at defendants' properties in Rensselaer County. Following joinder of issue, plaintiff testified at her examination before trial that the children were placed in foster care for a 14-month period. However, other than alleging that one of the children was abused, she was unable to provide any further information regarding that period. Plaintiff thereafter refused a request by defendants John Ciannamea and Gregory A. Yamin (hereinafter collectively referred to as defendants) to provide authorization for the release of the Rensselaer County Department of Social Services (hereinafter DSS) records. Upon motion by defendants, Supreme Court found that information contained in the DSS records, which was otherwise unavailable from other sources, was critical to a defense of plaintiff's claims. Accordingly, the court directed defendants to submit a subpoena duces tecum for the production of those records in order for the court to conduct an in camera inspection and determine, in accordance with the provisions of Social Services Law § 372, the extent to which those records could be disclosed.

The records produced for Supreme Court's review were accompanied by a certification from DSS's Coordinator of Child Protective Services (hereinafter CPS) attesting that such records were "maintained relative to the Child Protective Investi-

---

* By order of the Supreme Court, the caption was amended to reflect that two of the children, Matthew Allen and Serethia Allen, had reached the age of majority and were proceeding on their own behalf.

gation of New York State Central Register reports relative to" plaintiff and Joseph Allen. Upon review of the general content of the records—which the court noted included petitions and orders from Rensselaer County Family Court and reports from non-governmental involved agencies—the court determined that such records, being a part of the CPS file, were confidential and prohibited from disclosure pursuant to Social Services Law § 422 because they related to reports of abuse and maltreatment. Defendants appeal.

Defendants argue that disclosure of the DSS records relative to the children's foster care is governed not by Social Services Law § 422, but by Social Services Law § 372. Section 372 provides that all DSS records regarding foster care children are deemed confidential and are subject to limited disclosure by any person upon authorization by, among others, a justice of the supreme court after notice to all interested persons and a hearing (see Social Services Law § 372 [4] [a]; 18 NYCRR 423.7 [b] [4]). By contrast, section 422 provides that any reports of alleged child abuse and maltreatment to the State Central Register, "as well as any other information obtained, reports written or photographs taken concerning such reports," cannot be disclosed except to those individuals, agencies or facilities specifically enumerated therein (Social Services Law § 422 [4] [A] [a]-[y]; see Social Services Law § 422 [1]; *Catherine C. v Albany County Dept. of Social Servs.*, 38 AD3d 959, 960 [2007]). At issue here is whether DSS information that might otherwise be disclosable pursuant to section 372 is nevertheless barred from disclosure by section 422 simply because it is maintained within a CPS file.

Here, the subpoena duces tecum specifically ordered the production of all DSS records relating to the children. In response to the subpoena, only records maintained by CPS were produced. The fact that the children's cumulative DSS files may be held in the physical custody of CPS does not automatically restrict disclosure of all information contained therein. Rather, the strict confidentiality provisions of Social Services Law § 422 apply only to information obtained as a result of investigations into reports of abuse and maltreatment and not, necessarily, to *all* information regarding rehabilitative and preventative services subsequently provided to the children as a result of such reports.

Notably, there is no dispute that the children were subject to foster care for a 14-month period. Such information pertaining to the children's foster care placement, if contained within the CPS file, could be subject to the disclosure provisions of Social Services Law § 372 (cf. *Angela N. v Suhr*, 71 AD3d 1489, 1490

[2010]; *Catherine C. v Albany County Dept. of Social Servs.*, 38 AD3d at 960; *Lamot v City of New York*, 297 AD2d 527 [2002]). Accordingly, the matter is remitted to Supreme Court to determine whether information regarding the children's 14-month foster care placement is contained in the CPS file and what information, if any, should be disclosed in accordance with the procedures and safeguards of Social Services Law § 372.

Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

