Matter of Jamie UU. v Dametrius VV. (2021 NY Slip Op 04167)





Matter of Jamie UU. v Dametrius VV.


2021 NY Slip Op 04167


Decided on July 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 1, 2021

529447
[*1]In the Matter of Jamie UU., Appellant,
v
Dametrius VV., Respondent.

Calendar Date:May 25, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Ivy M. Schildkraut, Rock Hill, for appellant.
Donna Maria Lasher, Rock Hill, for respondent.
Jacqueline Ricciani, Monticello, attorney for the child.



Egan Jr., J.
Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered July 2, 2019, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2012). By order entered July 17, 2019, Family Court awarded the parents joint legal custody of the child and the father primary physical custody of the child, with parenting time to the mother from Saturday at 8:00 a.m. until Monday morning, when the child is brought to school, and during certain holidays and summer vacation. In November 2018, the mother commenced this custody modification proceeding seeking primary physical custody of the child, alleging that she had recently moved to a new residence and obtained new employment. Family Court entered a temporary order of parenting time, expanding the mother's parenting time from Friday when the child finishes school until Monday morning when the child returns to school. Following a fact-finding hearing and a Lincoln hearing, Family Court continued the award of joint legal custody, with the father maintaining primary physical custody, but modified the order to provide the mother with additional parenting time from Thursday, when the child finishes school, until Monday morning, when the child returns to school. The mother appeals.[FN1]
Initially, the parties do not dispute that the mother demonstrated a change in circumstances since entry of the prior custody order in July 2018 and, therefore, our inquiry focuses on whether Family Court's determination served the best interests of the child (see Matter of Christie BB. v Isaiah CC., 194 AD3d 1130, 1131 [2021]; Matter of Sherrod U. v Sheryl V., 181 AD3d 1069, 1069 [2020]). When making a best interests determination, the court must consider, among other factors, the quality of each parent's home environment, the need for stability in the child's life, the parents' past performance, the willingness of each parent to foster a positive relationship between the child and the other parent and the ability to provide for the child's intellectual and emotional development and overall well-being (see Zachery VV. v Angela UU., 192 AD3d 1220, 1222-1223 [2021]; Matter of Sandra R. v Matthew R., 189 AD3d 1995, 1997 [2020], lv dismissed and denied 36 NY3d 1077 [2021]). Great deference is accorded to Family Court's factual findings and credibility determinations, and they will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Austin ZZ. v Aimee A., 191 AD3d 1134, 1136 [2021]; Matter of Kenda UU. v Nicholas VV., 173 AD3d 1295, 1298 [2019]).
The evidence at the fact-finding hearing demonstrated that both parents have a loving relationship with the child and have demonstrated an ability to care and provide for the child's day-to-day needs. Although the mother [*2]moved numerous times in the years preceding the fact-finding hearing, since entry of the prior custody order she moved from the City of Middletown, Orange County to South Fallsburg, Sullivan County — a significantly closer distance to the father's apartment in the Village of Monticello, Sullivan County. She presently resides in a two-bedroom duplex where the child has her own bedroom and has obtained employment as a waitress where she works from 9:00 a.m. to 2:00 p.m. every day except Monday and Friday. The father works for Sullivan County ARC and resides in a three-bedroom apartment, which he shares with his girlfriend, her daughter, their two sons and the subject child, with the child sharing a bedroom with the girlfriend's daughter. After the father obtained primary physical custody, the child began attending school in the Monticello school district and, by all accounts, is well-adjusted, has developed friendships and is doing well academically.[FN2] Both the mother and the father help the child with her homework, are engaged with the child's school and have attended school events.
The crux of the parents' issues since the father obtained primary physical custody stem from their inability to effectively communicate regarding the child's medical and dental appointments and extracurricular activities, for which neither party is without blame. Although the parties demonstrated that they can effectively communicate via text message for purposes of custodial exchanges, the child apparently has not attended an appointment with the child's dentist or optometrist since the father obtained physical custody — despite the mother scheduling appointments with these providers — which the father blames on a lack of notice and an inability to obtain the child's insurance information. The parents further disagree as to the nature and extent of the extracurricular programs in which the child should be involved.[FN3]
Despite the parents' difficulties communicating in this regard, the proof at the hearing ultimately failed to establish that subjecting the child to another change in custody within such a short period of time would serve her best interests. The prior custodial arrangement was in place for less than a year and, in maintaining joint legal custody, Family Court cautioned the parents about their need to improve their communication and mandated that they engage in parental counseling and/or therapy to address their issues in this regard. The court also scheduled dates certain by which the parents were required to bring the child for dental and eye care, provided that the mother would once again make all necessary appointments on behalf of the child and directed that the parents share all necessary medical, dental and insurance information.
Additionally, by maintaining primary physical custody with the father, the child will preserve the continuity and stability that she has established in her present school district, as opposed to moving to yet a third [*3]school district in less than two years. The expansion of the mother's parenting time from Thursday afternoons to Monday mornings, moreover, effectively maximizes the parents' weekly parenting time, taking into consideration the parents' respective work schedules.[FN4] Given the mother's new work schedule, her closer proximity to the father's residence and the fact that both parents will have parenting time during the work week, the parents will be better able to ensure that the child can attend all necessary medical, dental and eye appointments and extracurricular activities. Accordingly, despite the mother's disagreement with Family Court's credibility determinations, we find them to be supported by a sound and substantial basis in the record and further conclude that the child's interests are best served by maintaining the existing primary physical custody arrangement, while granting the mother expanded parenting time during the work week (see Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 948-950 [2020]; Matter of LeVar P. v Sherry Q., 181 AD3d 1008, 1009-1010 [2020]).
Garry, P.J., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The mother's notice of appeal incorrectly indicates that the order appealed from was entered on June 12, 2019. However, as there is no confusion with respect to the order that is being appealed from, we exercise our discretion to deem the premature notice of appeal as valid (see CPLR 5520 [c]; Matter of Panzer v Wood, 100 AD3d 1119, 1120 n 2 [2012], lv dismissed 20 NY3d 1001 [2013]).

Footnote 2: Although it is unclear on the record before us what prompted the change of primary physical custody from the mother to the father, the child did start kindergarten in the Middletown school district.

Footnote 3: When the mother had primary physical custody, the child participated in Girl Scouts and an afterschool reading program and she took piano lessons at the YMCA where the mother was formerly employed. Since the father obtained custody, the child attends gymnastics one day per week and an afterschool program three days per week at the father's housing development.

Footnote 4: The order also provides that the parties may have such additional and different parenting time as they might agree.