C.T. v Brant (2022 NY Slip Op 01090)





C.T. v Brant


2022 NY Slip Op 01090


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

533350
[*1]C.T., an Infant, by Her Mother and Guardian, J.T., Respondent,
v
Tammy M. Brant et al., Respondents, and Arnot Ogden Medical Center et al., Appellants, et al., Defendant.

Calendar Date:January 10, 2022

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Ricotta Mattrey Callocchia Markel & Cassert, Buffalo (Tomas J. Callocchia of counsel), for appellants.
Merson Law, PLLC, New York City (Annette G. Hasapidis of Hassapidis Law Offices, South Salem, of counsel), for J.T., respondent.
Fullerton Beck, LLP, White Plains (Edward J. Guardaro Jr. of counsel), for Tammy M. Brant, respondent.
Levene Gouldin & Thompson, LLP, Vestal (Daniel O'Hare of counsel), for William P. Duggan and another, respondents.



Egan Jr., J.P.
Appeal from an order and amended order of the Supreme Court (Blaise III, J.), entered March 23, 2021 in Chemung County, which, among other things, denied a motion by defendants Arnot Ogden Medical Center and Jay K. Mehta to compel certain discovery.
In 2012, plaintiff obtained obstetrical and gynecological care from defendants in relation to the birth of her daughter, C.T. (hereinafter the infant). In 2019, plaintiff commenced this action on the infant's behalf to recover for various physical, intellectual and emotional impacts allegedly resulting from defendants' negligence and medical malpractice. After joinder of issue, defendants Arnot Ogden Medical Center and Jay K. Mehta (hereinafter collectively referred to as defendants) demanded, as is pertinent here, that plaintiff produce copies of court "orders, decrees [and] stipulations" addressing legal custody of the infant (hereinafter the custody records) as well as documents and/or authorizations for documents relating to the involvement of the infant with Child Protective Services and related agencies (hereinafter the CPS records). Plaintiff refused to comply with the demands. Defendants then moved to compel disclosure of these records by a set date and to authorize punitive action against plaintiff if it did not occur (see CPLR 3124, 3126).[FN1] Plaintiff cross-moved for a protective order as to these same records (see CPLR 3103). Following oral argument, Supreme Court rendered a decision from the bench as follows: (1) insofar as the custody records were concerned, it denied, without prejudice, both defendants' motion and plaintiff's cross motion, subject to an in camera review of said records by the court, and (2) insofar as the CPS records were concerned, it denied defendants' motion and granted plaintiff's cross motion. A written order was issued memorializing the above decision. After conducting an in camera review of the custody records, Supreme Court issued an amended order, as well as a letter decision and order in which it quoted a paragraph from a 2017 Family Court order relating to the custody and primary residence of the infant,[FN2] and informed the parties that it found said language pertinent to the proceedings. Defendants appeal.[FN3]
Parties are entitled to "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]). The statutory language is read liberally to require "disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity," with the test being "one of usefulness and reason" (Forman v Henkin, 30 NY3d 656, 661 [2018] [internal quotation marks, ellipsis and citations omitted]; accord Rote v Snyder, 195 AD3d 1130, 1131 [2021]). "Although disclosure provisions are liberally construed, the scope of permissible disclosure is not limitless and the trial court is vested with broad discretion in supervising disclosure" (Kozuch [*2]v Certified Ambulance Group, Inc., 301 AD2d 840, 841 [2003] [citation omitted]; see Melfe v Roman Catholic Diocese of Albany, N.Y., 196 AD3d 811, 813 [2021]). Accordingly, a disclosure ruling will not be disturbed on appeal absent either an abuse of that discretion or facts warranting the exercise of this Court's "corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Andon v 302—304 Mott St. Assoc., 94 NY2d 740, 745 [2000]; accord Perez v Fleischer, 122 AD3d 1157, 1157-1158 [2014], lv dismissed 25 NY3d 985 [2015]). As we agree with defendants that Supreme Court abused its discretion here, we remit for further proceedings.
Turning first to defendants' demand for the custody records, although Family Ct Act § 166 provides that such "shall not be open to indiscriminate public inspection," a "court in its discretion in any case may permit [their] inspection" if they are material and relevant to an issue of legitimate inquiry (see Schwahl v Grant, 47 AD3d 698, 699 [2008]; Matter of Lewis v Estes, 228 AD2d 989, 990 [1996], lv denied 88 NY2d 814 [1996]). Supreme Court properly determined that a 2017 order of Family Court was relevant to the defense in that it established that plaintiff had legal custody of the infant and, by extension, standing to sue on the infant's behalf (see CPLR 1201). Supreme Court did not address the second basis upon which defendants sought disclosure of the custody records, however, which was that they may contain information on family dynamics that impacted the infant's development and would therefore be relevant as to plaintiff's allegations, in her bill of particulars, that the infant's learning disabilities and intellectual and emotional deficits arose out of defendants' conduct. As that information would be "material and relevant to . . . plaintiff's theory of causation of the infant's injuries," Supreme Court abused its discretion in not reviewing the custody records in camera for that information, and we remit so that it may do so (Schwahl v Grant, 47 AD3d at 699). We add that, after completing that review, Supreme Court should disclose any documents with material and relevant information, with appropriate redactions, to defendants rather than quoting from those documents (see CPLR 3120; Family Ct Act § 166; Schwahl v Grant, 47 AD3d at 699; Trotman v Hewlett Packard Co., 258 AD2d 645, 646 [1999]).
As for defendants' demand for the CPS records, defendants provided medical records reflecting that the infant had been sexually abused by a relative and articulated how documents assessing the impact of that abuse would be material in defending against plaintiff's allegations that the infant's developmental delays and emotional distress were related to defendants' conduct (see Velez v Daar, 41 AD3d 164, 165-166 [2007]; Coddington v Lisk, 249 AD2d 817, 817-818 [1998]). Reports of child abuse to child protective officials, as well as documents generated during the [*3]ensuing investigation, are confidential and may only be made available to "the specifically enumerated individuals, agencies or facilities detailed" in Social Services Law § 422 (4) (A) (Catherine C. v Albany County Dept. of Social Servs., 38 AD3d 959, 960 [2007]; see Allen v Ciannamea, 77 AD3d 1162, 1164 [2010]). Defendants observe that one entity entitled to access of those records is "a court, upon a finding that the information in the record is necessary for the determination of an issue before" it (Social Services Law § 422 [4] [A] [e]), but that provision is "[n]arrowly interpreted to allow the court to have access to such records 'for its own use' to decide a particular issue," and it does not authorize "'a court to expand the carefully crafted statutory and exclusive list of those to whom access is authorized'" (Catherine C. v Albany County Dept. of Social Servs., 38 AD3d at 960, quoting Matter of Sarah FF., 18 AD3d 1072, 1074 [2005]). Accordingly, as Supreme Court determined, defendants are not entitled to disclosure of records relating to either a report of abuse or an investigation into one (see Angela N. v Suhr, 71 AD3d 1489, 1490 [2010]; Catherine C. v Albany County Dept. of Social Servs., 38 AD3d at 960; Lamot v City of New York, 297 AD2d 527, 528 [2002]).
The foregoing does not, however, lead to the conclusion that all of the demanded CPS records are confidential. It is settled that "the strict confidentiality provisions of Social Services Law § 422 apply only to information obtained as a result of investigations into reports of abuse and maltreatment and not, necessarily, to all information regarding rehabilitative and preventative services subsequently provided to [a child] as a result of such reports" (Allen v Ciannamea, 77 AD3d at 1164). In other words, child protective officials and related child welfare organizations may well possess discoverable documents that were not generated in the course of a child protective investigation but do contain information relevant to assessing whether the infant's claimed injuries were linked to defendants' actions or some other cause. Thus, Supreme Court should have reviewed the CPS records in camera to determine whether they contained any information relevant to plaintiff's claims.
Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order and amended order are modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants Arnot Ogden Medical Center and Jay K. Mehta to compel plaintiff to produce certain documents or authorizations for such and partially granted the cross motion of plaintiff for a protective order; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Defendants Tammy M. Brant, William P. Duggan and Pratibha A. Ankola joined in defendants' request for relief.

Footnote 2: The quoted language reads: "A. Both parents agree to joint legal custody of [the infant], (meaning they will work cooperatively when making major decisions for their child).
B. Both parents agree that the primary residence for [the infant] will be with her father."

Footnote 3: The notice of appeal only references the amended order, but that order effectively deferred a determination of whether defendants were entitled to the custody records. The final determination in that regard was contained in the letter order issued and entered the same day as the amended order, and defendants are challenging the scope of that ordered disclosure. In view of those facts, and noting "the absence of any prejudice, we exercise our discretion and overlook the inaccurate description in the notice of appeal and treat the appeal as having been taken from both orders" (Matter of Saratoga County Support Collection Unit v Caudill, 160 AD3d 1071, 1072 [2018]; see CPLR 5520 [c]).