Matter of Rajea T. (Niasia J.) (2022 NY Slip Op 01940)





Matter of Rajea T. (Niasia J.)


2022 NY Slip Op 01940


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1085 CAF 21-00162

[*1]IN THE MATTER OF RAJEA T., JR. GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; NIASIA J., RESPONDENT-RESPONDENT. THE BATAVIAN, LLC, APPELLANT.






CORNELL LAW SCHOOL FIRST AMENDMENT CLINIC, ITHACA (HEATHER E. MURRAY, OF COUNSEL), FOR APPELLANT. 
DAVID J. PAJAK, ALDEN, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Genesee County (Erin P. DeLabio, A.J.), entered December 24, 2020 in a proceeding pursuant to Family Court Act article 10. The order denied the motion of The Batavian, LLC seeking, among other things, access to a transcript of a proceeding that occurred on November 26, 2019. 
It is hereby ORDERED that the order so appealed from is modified on the law by granting the motion insofar as it sought access to the transcript of the attorney disqualification hearing and as modified the order is affirmed without costs and the matter is remitted to Family Court, Genesee County, for further proceedings in accordance with the following memorandum: Appellant, a nonparty online-only local news outlet covering Batavia and Genesee County, appeals from an order denying its motion for, inter alia, permission to "intervene" in this Family Court Act article 10 proceeding. Appellant published a story covering criminal charges against a Batavia resident arising from certain allegations, including that the resident had intentionally struck and caused physical injuries to a five-year-old child. Appellant subsequently learned that the resident—i.e., respondent in this neglect proceeding, arising from allegations that included the incident with the child—had moved to disqualify Deputy County Attorney Durin Rogers. At that time, Rogers was simultaneously serving as the part-time Judge in Batavia City Court. The disqualification motion alleged that, inasmuch as the resident was being criminally prosecuted before the full-time City Court Judge, and Rogers shared chambers and staff in City Court and could be called on to preside if the full-time City Court Judge was unavailable, Rogers should be disqualified from prosecuting this child protective matter on the ground that his ethical obligations precluded him from serving dual roles. The disqualification motion further alleged, inter alia, that Rogers's unwillingness to disqualify himself from the neglect proceeding had resulted in ethical violations, including ex parte communications with the prosecutor about the criminal charges and the appearance of impropriety that Rogers was advancing a prosecutorial objective beyond his judicial role.
Appellant's owner considered the disqualification motion based on Rogers's alleged conflict of interest to be newsworthy because, at that time, Rogers was a candidate for the full-time City Court judgeship. According to the owner, because it had been a long time since there had been a contested judicial election in Batavia, there was significant public interest in the race, and appellant covered the judicial candidates, including Rogers, throughout the lead-up to the election. Appellant then published an article previewing the upcoming argument on the disqualification motion. A few days after the article was published, Rogers won the election for the full-time City Court judgeship.
Subsequently, on the day of the scheduled argument on the disqualification motion, the owner went to the courthouse with the intent of covering the hearing. However, the owner was [*2]denied access to the courtroom. After conferring with Family Court, a court deputy reported that the court would not allow the owner in the courtroom because the hearing was part of a sensitive matter. The owner requested that he be allowed to make an argument that he should be provided access to the hearing, but the court deputy reported, after again conferring with the court, that the court would not allow the owner the opportunity to be heard. Appellant published an article later that day describing how the court had excluded the press from covering the hearing on the disqualification motion.
After unsuccessfully seeking the transcript of the hearing, by written request to the court, in order to remedy the alleged improper exclusion from the courtroom, appellant moved for permission to "intervene" in this neglect proceeding and, in essence, for release of the transcript, even if redacted. As noted, the court denied the motion.
As a preliminary matter, with respect to the vehicle by which it sought release of the transcript, appellant contends that the court erred by denying it permission to "intervene" in this Family Court Act article 10 proceeding for that limited purpose. While there are cases characterizing similar motions as seeking a form of intervention (see Maxim, Inc. v Feifer, 145 AD3d 516, 516-517 [1st Dept 2016]; Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 499-501 [2d Dept 2007]; see generally 200 Siegel's Practice Review, Media's Right to Intervene at 4 [Aug. 2008]), we conclude that appellant's motion is better understood as a permissible application for release of the transcript pursuant to Family Court Act § 166. That statute provides that although "[t]he records of any proceeding in the family court shall not be open to indiscriminate public inspection[,] . . . the court in its discretion in any case may permit the inspection of any papers or records" (id.; see also 22 NYCRR 205.5). Here, appellant was excluded from the underlying hearing on the disqualification motion and, as a remedy, sought access to the transcript of that hearing. Appellant's motion is properly brought as an application made to Family Court for release of the transcript, which must be determined in accordance with the standards applicable to child protective proceedings in that court (see generally Matter of Herald Co. v Mariani, 67 NY2d 668, 670 [1986]).
As a further preliminary matter, we agree with appellant that the court erred to the extent that it denied the motion on the ground of defective service. The court reasoned that service was defective because, although all the parties to this proceeding were served and appeared, "the subject of the motion," Rogers, was not served. The applicable rule, however, provides only that, "[a]t the time of service of the notice of motion, the moving party shall serve copies of all affidavits and briefs upon all of the attorneys for the parties or upon the parties appearing pro se" (22 NYCRR 205.11 [b]). Inasmuch as Rogers was not a party to this proceeding, appellant had no obligation to serve him. In any event, as appellant further contends, the court erred in sua sponte denying the motion based, ostensibly, on lack of personal jurisdiction over Rogers (see Matter of Monroe County Dept. of Human Servs.—CSEU v Derrell M., 111 AD3d 1394, 1394 [4th Dept 2013]).
On the merits, appellant contends that the court violated its right to attend the disqualification hearing, and that it is therefore entitled to a transcript of the hearing, the release of which, with appropriate redaction, would be consistent with Family Court Act § 166 and 22 NYCRR 205.5. We agree.
As relevant here, "[t]he sittings of every court within this state shall be public, and every citizen may freely attend the same" (Judiciary Law § 4). "Underpinning this statute's mandate is our State's long-standing, sound public policy 'that all judicial proceedings, both civil and criminal, are presumptively open to the public,' " including the press (Matter of James Q., 32 NY3d 671, 676 [2019]; see Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan, 71 NY2d 263, 265 [1988]). "This fundamental [presumption] of public access to judicial proceedings applies equally to matters heard in Family Court" (Matter of Kent v Kent, 29 AD3d 123, 135 [1st Dept 2006]; see 22 NYCRR 205.4), including proceedings pursuant to Family Court Act article 10 (see § 1043; Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 1043).
Nonetheless, the general rule of public access "is not absolute and may be limited upon a finding that compelling interests justify closure or partial closure" (Kent, 29 AD3d at 135-136; see Matter of P.B. v C.C., 223 AD2d 294, 295 [1st Dept 1996], lv denied 89 NY2d 808 [1997]). [*3]The presumption in favor of public access "is particularly subject to challenge where the interests of children are implicated" (Anonymous v Anonymous, 263 AD2d 341, 343 [1st Dept 2000]; see Kent, 29 AD3d at 136). Indeed, "[t]he general public may be excluded from any hearing under [Family Court Act] article [10] and only such persons and the representatives of authorized agencies admitted thereto as have an interest in the case" (§ 1043). In making that determination, however, "[a]ny exclusion of courtroom observers must . . . be accomplished in accordance with 22 NYCRR 205.4 (b)" (Kent, 29 AD3d at 136; see Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 1043). That rule provides that "[t]he general public or any person may be excluded from a courtroom [in Family Court] only if the judge presiding in the courtroom determines, on a case-by-case basis based upon supporting evidence, that such exclusion is warranted in that case" (22 NYCRR 205.4 [b]). The rule further provides certain nonexclusive factors that a Family Court judge may consider in exercising his or her discretion, and requires that the judge make findings prior to ordering any exclusion (see id.).
Here, as appellant contends and contrary to the assertion of the appellate Attorney for the Child, the court abused its discretion in excluding appellant from the hearing on the underlying disqualification motion. It is undisputed that the court violated 22 NYCRR 205.4 (b) by failing to make findings prior to ordering the exclusion, and further there is no indication in the record that the court rendered its determination based on supporting evidence or considered any of the relevant factors in exercising its discretion. Moreover, our review of the relevant factors reveals that the court lacked an adequate basis to exclude appellant from the hearing on the disqualification motion (see generally Matter of Katherine B., 189 AD2d 443, 452 [2d Dept 1993]). First, appellant was not "causing or . . . likely to cause a disruption" in the attorney disqualification hearing (22 NYCRR 205.4 [b] [1]), because the owner was not admitted to the hearing and there was no suggestion that he would disrupt it; in fact, appellant had covered previous court proceedings without incident (cf. Matter of Andrea B., 66 AD3d 770, 771 [2d Dept 2009], lv denied 13 NY3d 716 [2010]). Second, there is no indication in the record that appellant's presence was "objected to by one of the parties . . . for a compelling reason" (22 NYCRR 205.4 [b] [2]). Third, although as a general matter privacy interests are paramount and the State has an "interest in protecting children from the possible harmful effects of disclosing to the public allegations and evidence of parental abuse and neglect" in article 10 proceedings (Katherine B., 189 AD2d at 450; see 22 NYCRR 205.4 [b] [3]; see also Family Ct Act § 1011; Matter of Ruben R., 219 AD2d 117, 124 [1st Dept 1996], lv denied 88 NY2d 806 [1996]; Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 1043), the limited hearing to which appellant sought access here involved only an attorney's alleged conflict of interest and, unlike a fact-finding hearing for example, would not have required disclosure or detailed discussion of the underlying allegations of neglect (cf. Matter of Gloria M. [Kiladi M.], 96 AD3d 1060, 1061 [2d Dept 2012], lv denied 19 NY3d 814 [2012]; Ruben R., 219 AD2d at 124-129). Fourth, to the extent that sensitive matters related to the neglect allegations would need to be discussed during the attorney disqualification hearing, "less restrictive alternatives to exclusion" were available (22 NYCRR 205.4 [b] [4]), inasmuch as the court could have, inter alia, conditioned appellant's attendance upon the nondisclosure of confidential information (see Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 1043). Following the court's improper exclusion of appellant from the courtroom during the attorney disqualification hearing, appellant sought the transcript of that hearing, and we conclude for the reasons that follow that the court further erred in failing to afford appellant that remedy (see generally Matter of Herald Co. v Weisenberg, 59 NY2d 378, 384 [1983]).
Contrary to the court's determination, the release of the transcript is consistent with Family Court Act § 166 and 22 NYCRR 205.5. To reiterate, the statute provides in relevant part that although "[t]he records of any proceeding in the family court shall not be open to indiscriminate public inspection[,] . . . the court in its discretion in any case may permit the inspection of any papers or records" (Family Ct Act § 166). The statute thus "does not render Family Court records confidential, but merely provides that they are not open to indiscriminate public inspection" (Schwahl v Grant, 47 AD3d 698, 699 [2d Dept 2008]; see Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 166). The statute makes clear that Family Court "has the discretionary statutory authority to permit the inspection of any record by anyone at any time" (Merril Sobie & Gary Solomon, New York Family Court Practice § 1:16 [2d ed 10 West's NY Prac Series Jan. 2022 Update]).
Here, the court abused its discretion in denying appellant access to the transcript. As [*4]noted, the court erroneously excluded appellant from the disqualification hearing, and thus appellant was entitled to the transcript of the hearing at which it would have been present but for the court's error. Moreover, denying appellant's motion in its entirety did not serve to prevent the public dissemination of confidential or sensitive information because the hearing concerned a disqualification motion, not the underlying neglect allegations and, to the extent that confidential or sensitive matters were discussed, the court had the option of redacting those parts of the transcript (see generally Schwahl, 47 AD3d at 699; Harris v City of Buffalo, 197 AD2d 918, 919 [4th Dept 1993]). To the extent that the court determined that the attorney disqualification hearing was no longer relevant because Rogers had already been elected to the full-time judgeship, we agree with appellant that the court improperly ignored both the continued importance of appellant's role in reporting accusations of ethical violations or conflicts of interest on the part of a judge and the principle that, here, it was within the province of appellant to determine whether the hearing on the disqualification motion remained newsworthy.
Additionally, as appellant contends and the appellate Attorney for the Child correctly concedes, 22 NYCRR 205.5 does not preclude the release of the transcript to appellant. As relevant to proceedings in which a child is a party or the child's custody may be affected, the rule provides that, "[s]ubject to limitations and procedures set by statute and case law," certain specified persons and entities, such as the parents, attorney for the child, and authorized representatives of the child protective agency, "shall be permitted access to the pleadings, legal papers formally filed in a proceeding, findings, decisions and orders and . . . transcribed minutes of any hearing held in the proceeding" (id.). Contrary to the court's determination, the rule is preferential, not exclusionary, inasmuch as it specifies certain persons and entities who are entitled, by rule, to access to the named Family Court records, and the rule is otherwise subject to applicable statutes—i.e., Family Court Act § 166, which permits discretionary disclosure to others (see Merril Sobie & Gary Solomon, New York Family Court Practice § 1:16 [2d ed 10 West's NY Prac Series Jan 2022 Update]).
We also agree with appellant that the court erred in determining that Social Services § 422 (4) precludes release of the transcript. That statute, which involves the confidentiality of child abuse and maltreatment reports and other information obtained concerning such reports, is inapplicable because appellant does not seek access to any such reports or information (cf. Matter of Sarah FF., 18 AD3d 1072, 1073-1074 [3d Dept 2005]).
Based on the foregoing, we modify the order by granting the motion insofar as it sought access to the transcript of the attorney disqualification hearing and remit the matter to Family Court to release to appellant that transcript, subject to appropriate redaction of confidential information by Family Court.
All concur except Carni, J., who is not participating.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court