Casas v Mercyfirst (2024 NY Slip Op 05783)

Casas v Mercyfirst

2024 NY Slip Op 05783

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-07434
 (Index No. 508621/20)

[*1]Steven Casas, et al., respondents, 
v
Mercyfirst, et al., defendants; New York City Administration for Children's Services, nonparty-appellant.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Diana Lawless of counsel), for nonparty-appellant.
Cannata, Hendele & Cannata, LLP, New York, NY (Robert Cannata of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent infliction of emotional distress, nonparty New York City Administration for Children's Services appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 29, 2022. The order denied the motion of nonparty New York City Administration for Children's Services to quash two subpoenas requiring it to produce certain records.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for an in camera inspection, consistent herewith, and thereafter a new determination of the motion of nonparty New York City Administration for Children's Services to quash two subpoenas requiring it to produce certain records.
The infant plaintiffs allegedly were abused while in a respite foster care home. The infant plaintiffs, by their father, and their father suing individually, commenced this action, inter alia, to recover damages for negligent infliction of emotional distress. Nonparty New York City Administration for Children's Services (hereinafter ACS) appeals from an order denying its motion to quash two subpoenas requiring it to produce certain records.
Pursuant to Social Services Law § 422(4)(A), reports of child abuse and maltreatment, and information obtained as a result of such reports, are confidential and may only be made available to certain enumerated individuals, agencies, or facilities (see id. § 422[4][A][a]-[y]). Disclosure is permitted to "a court, upon a finding that the information in the record is necessary for the determination of an issue before the court" (id. § 422[4][A][e]). Here, even if the Supreme Court made a clear determination as to the necessity of the requested records for its own use to determine an issue in the case (see C.T. v Brant, 202 AD3d 1360; Catherine C. v Albany County Dept. of Social Servs., 38 AD3d 959), under the circumstances presented in this case, the matter should be remitted to the Supreme Court, Kings County, to evaluate whether privileged or confidential information is contained in the records which may not be disclosed to the plaintiffs, and for an in camera inspection to be undertaken after ACS provides a detailed privilege log (see Matter of Michael Y. v Dawn S., [*2]212 AD3d 493; Diaz v Minhas Constr. Corp., LLC, 188 AD3d 812; Schindler v City of New York, 134 AD3d 1013).
ACS's remaining contentions are without merit.
Accordingly, we remit the matter to the Supreme Court, Kings County, for an in camera inspection, consistent herewith, and thereafter a new determination of ACS's motion to quash two subpoenas requiring it to produce certain records.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court