Kruglov v Copart of Conn., Inc., CT (2025 NY Slip Op 04058)

Kruglov v Copart of Conn., Inc., CT

2025 NY Slip Op 04058

Decided on July 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2025

CV-23-1931
[*1]Dmitry Kruglov, Appellant,
v
Copart of Connecticut, Inc., CT, Doing Business as Copart, Respondent.

Calendar Date:May 27, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and Mackey, JJ.

Dmitry Kruglov, Miami, Florida, appellant pro se.
Mintzer Sarowitz Zeris & Willis PLLC, New York City (Thomas G. Darmody of counsel), for respondent.

Aarons, J.
Appeals (1) from an order of the Supreme Court (Kevin Bryant, J.), entered January 14, 2022 in Ulster County, which, among other things, granted defendant's motion to vacate a default judgment, and (2) from three orders of said court, entered July 18, 2023, July 26, 2023 and February 7, 2024 in Ulster County, which, among other things, denied plaintiff's motions to compel discovery.
Plaintiff, self represented, commenced this action in October 2019 seeking $100 million in damages based upon allegations that defendant engaged in fraudulent and tortious conduct when it sold him a used car in 2013. When plaintiff did not receive a timely answer to the complaint, he successfully moved for default judgment, which judgment was entered in March 2020. Defendant thereafter moved to vacate the default, which motion was granted in an order entered January 14, 2022. Discovery ensued, and plaintiff filed a motion to compel defendant to comply with discovery demands, which motion was denied in an order entered July 18, 2023. Supreme Court thereafter set a discovery schedule in a conference order entered July 26, 2023. Plaintiff again moved to compel defendant's compliance with discovery demands, which motion was denied in an order entered February 7, 2024. Plaintiff appeals from the January 14, 2022 order and from each of the July 18, 2023, July 26, 2023 and February 7, 2024 orders.[FN1]
Initially, the January 14, 2022 order was served by defendant with notice of entry on January 19, 2022, starting the 30-day clock to take an appeal (see CPLR 5513 [a]). Plaintiff's notice of appeal from the January 14, 2022 order was filed in September 2023, well outside the 30-day period, and therefore that appeal must be dismissed as untimely (see Avgush v Jerry Fontan, Inc., 167 AD3d 484, 484 [1st Dept 2018]; Matter of Eagle Ins. Co. v Soto, 254 AD2d 483, 484 [2d Dept 1998]). The July 18, 2023 order denying plaintiff's motion to compel defendant to comply with discovery demands was superseded by the February 7, 2024 order denying plaintiff's request for disclosure of the same documents on the same grounds (cf. Smith v Triple-O Mech., Inc., 229 AD3d 1166, 1167 [4th Dept 2024]). The July 26, 2023 order is a conference order issued on Supreme Court's own initiative rather than a motion on notice, and therefore no appeal as of right lies therefrom (see generally CPLR 5701 [a] [2]; cf. U.S. Bank, N.A. v Clarkson, 187 AD3d 1376, 1376 [3d Dept 2020]).
Turning to the February 7, 2024 order, plaintiff contends that Supreme Court erred in denying his motion to compel defendant to comply with its discovery demands. We disagree. "A party seeking discovery must satisfy the threshold requirement that the request is reasonably calculated to yield information that is 'material and necessary' — i.e., relevant — regardless of whether discovery is sought from another party or a nonparty" (Forman v Henkin, 30 NY3d 656, 661 [2018], quoting CPLR 3101 [a] [1]; see Catlyn & Derzee, Inc. v Amedore Land [*2]Devs., LLC, 166 AD3d 1137, 1141 [3d Dept 2018]). Plaintiff demanded that defendant produce for in camera review all of the "notes, reports, records and memoranda" that defendant's counsel may have consulted in the course of verifying defendant's answer. In this case, the fact that counsel relied upon unspecified documents to verify his client's pleading does not establish that disclosure of those documents "will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Forman v Henkin, 30 NY3d at 661 [internal quotation marks and citation omitted]; see Collins v Yodle, Inc., 105 AD3d 1178, 1179 [3d Dept 2013], lv denied 21 NY3d 860 [2013]; compare Cooke v Greenhouse Hudson, LLC, 230 AD3d 841, 846 [3d Dept 2024]; Matter of Johnson v Annucci, 208 AD3d 1403, 1404 [3d Dept 2022]; see generally CPLR 3020 [d] [3]). Supreme Court providently exercised its discretion in denying plaintiff's motion, and, accordingly, its denial will remain undisturbed (see C.T. v Brant, 202 AD3d 1360, 1361 [3d Dept 2022]). Plaintiff's related contention that the court erred in failing to strike defendant's answer for noncompliance with discovery demands is academic (see generally CPLR 3126). Plaintiff's remaining contentions, to the extent they are properly before us, have been reviewed and determined to be without merit.
Egan Jr., J.P., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the appeals from the orders entered January 14, 2022, July 18, 2023 and July 26, 2023 are dismissed, without costs.
ORDERED that the order entered February 7, 2024 is affirmed, without costs.

Footnotes

Footnote 1: Plaintiff's notice of appeal from the February 7, 2024 order is dated February 6, 2024. Nevertheless, we exercise our discretion to treat the premature notice of appeal as valid (see CPLR 5520 [c]; Matter of Jamie UU. v Dametrius VV., 196 AD3d 759, 760 n 1 [3d Dept 2021).